Margaret M. Holm, Bar No.: 071252
mholm@bonnebridges.com
M. Christopher Hall, Bar No.: 182439
chall@bonnebridges.com
Allyson S. Ascher, Bar No.: 286863
aascher@bonnebridges.com
BONNE, BRIDGES, MUELLER, O'KEEFE & NICHOLS
1851 East First Street, Suite 810
Santa Ana, California 92705
Telephone: (714) 835-1157; Facsimile: (714) 480-2585

Attorneys for Defendant, UNITED STATES YOUTH SOCCER ASSOCIATION, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL MEHR; BEATA IVANAUSKIENE, as parent of minor, R.K.I. JR.; SARAH ARANDA, as parent of minors, B.A., D.A., AND I.A.; KIRA AKKA-SEIDEL; KAREN CHRISTINE O'DONOGHUE, as parent of minor L.L.M., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERATION INTERNATIONALE DE FOOTBALL ASSOCIATION a/k/a "FIFA;" THE UNITED STATES SOCCER FEDERATION, INC.; US YOUTH SOCCER ASSOCIATION, INC.; AMERICAN YOUTH SOCCER ORGANIZATION; NATIONAL ASSOCIATION OF COMPETITIVE SOCCER CLUBS, INC. d/b/a US SOCCER CLUB, and CALIFORNIA YOUTH SOCCER ASSOCIATION,<br><br>Defendants. | CASE NO. 14-cv-03879<br><br>**DEFENDANT UNITED STATES YOUTH SOCCER ASSOCIATION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND JOINDER TO DEFENDANTS UNITED STATES SOCCER FEDERATION AND FEDERATION INTERNATIONALE DE FOOTBALL ASSOCIATION'S MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT; JOINDER TO DEFENDANTS UNITED STATES SOCCER FEDERATION, INC. REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:   Hon. Phyllis J. Hamilton<br>Date:    May 6, 2015<br>Time:   9:00 a.m.<br>Dept.:   Courtroom 3<br><br>Trial Date:   None |

## NOTICE OF MOTION AND JOINDER

PLEASE TAKE NOTICE that on May 6, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 3 of the U.S. District Court for the Northern District

1  of California, located at 1301 Clay Street, Oakland, California, before the Hon. Phyllis J.
2  Hamilton, Defendant, United States Youth Soccer Association, Inc., hereby moves to
3  dismiss plaintiffs' Complaint for failure to state a claim pursuant to Federal Rules of Civil
4  Procedure 12(b)(1) and 12(b)(6).

5      Additionally, defendant, United States Youth Soccer Association, Inc., joins in
6  Defendant United States Soccer Federation, Inc.'s Motion to Dismiss Plaintiffs' Complaint
7  With Prejudice for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant
8  to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the arguments and
9  authorities found therein.  Defendant United States Youth Soccer Association, Inc., also
10 joins in Defendant United States Soccer Federation, Inc.'s Request for Judicial Notice in
11 Support of Motion.

12     Finally, defendant, United States Youth Soccer Association, Inc., joins in Defendant
13 Federation Internationale de Football Association's Motion to Dismiss plaintiff's
14 Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (6), and (7), and the
15 arguments and authorities cited therein.

16     This Motion and Joinder is based upon this Notice of Motion, the Memorandum of
17 Points and Authorities, oral argument, the Motions to Dismiss filed by United States
18 Soccer Federation, Inc. and Federation Internationale de Football Association, and any
19 other matters the Court may consider.

20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND JOINDER ........................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 3

I. INTRODUCTION ............................................................................................................. 3

II. OVERVIEW OF UNITED STATES YOUTH SOCCER ASSOCIATION. ............. 3

III. PLAINTIFFS CANNOT ALLEGE A VIABLE CLAIM FOR NEGLIGENCE AGAINST USYSA IN COUNT 1 OR COUNT 2 OF THE COMPLAINT ............................................................................................................... 4

    A. USYSA Does Not Have a Special Relationship with Plaintiffs That Would Give Rise to a Duty to Enforce Concussion Management ................... 5

    B. Plaintiffs Assumed the Risk of Injury by Consenting to Play Soccer, Thereby Eliminating a Legal Duty on the part of USYSA to Prevent Such Risks. ............................................................................................................. 6

    C. Plaintiffs Cannot Establish that USYSA Assumed a Duty to Implement and Enforce Recommendations Contained in the Consensus Statement ................................................................................................ 7

    D. Plaintiffs Cannot Establish that USYSA is a Proximate Cause of Any Injuries Related to Concussion Management ........................................................ 7

IV. JOINDER TO US SOCCER'S MOTION TO DISMISS. ............................................. 10

V. JOINDER TO FIFA'S MOTION TO DISMISS. ......................................................... 11

VI. CONCLUSION. .............................................................................................................. 12

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Ayala v. United States* (10th Cir. 1995) 49 F.3d 607, 612 ..................................................... 5

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.* (9th Cir. 2004) 375 F.3d 861, 879 ................................................................................................................................ 11

*Kormylo v. Forever Resorts, LLC* (S.D. Cal. Jan. 6, 2015 ...................................................... 5

**STATE CASES**

*Artiglio v. Corning Inc.* (1998) 18 Cal. 4th 604, 614-18 ......................................................... 7

*Avila v. Citrus Community College Dist.* (2006) 38 Cal. 4th 148, 162 .................................. 6

*Bailey v. Edward Hines Lumber Co.*, 308 Ill.App.3d 58, 61 (1999) ....................................... 5

*Brewer v. Teano* (1995) 40 Cal.App.4th 1024, 1035 ............................................................. 8

*Bushnell v. Japanese-American Religious & Cultural Center* (1996) 43 Cal. App. 4th 525, 531 ............................................................................................................................ 6

*Connelly v. Mammoth Mountain Ski Area* (1995) 39 Cal. App. 4th 8, 13 ............................. 6

*Evan F. v. Hughson United Methodist Church* (1992) 8 Cal.App.4th 828 .................. 8, 9, 10

*Ferguson v. Lieff, Cabraser, Heimann & Bernstein* (2003) 30 Cal.4th 1037, 1045 ............. 7

*Fortier v. Los Rios Community College Dist.* (1996) 45 Cal. App. 4th 430, 439 .................. 6

*Jackson v. Ryder Truck Rental, Inc.* (1993) 16 Cal.App.4th 1830, 1847 ......................... 9, 10

*Jefferson County Sch. Dist. R-1 v. Justus* (Colo. 1987) 725 P.2d 767, 770 ........................... 7

*Knight v. Jewett* (1992) 3 Cal.4th 296, 308-09 ...................................................................... 6

*Martin v. Keeley & Sons, Inc.* (Ill. 2012) 979 N.E.2d 22, 30 .................................................. 7

*Milwaukee Electric Tool Corp. v. Superior Court* (1993) 15 Cal.App.4th 547, 563 ............. 8

*Mitchell v. Gonzales* (1991) 54 Cal.3d 1041,1051-1052 ....................................................... 9

*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 292 ............................................. 4

*Nalwa v. Cedar Fair, L.P.* (2012) 55 Cal. 4th 1148, 1157 ..................................................... 6

*PPG Industries, Inc. v. Transamerica Ins. Co.* (1999) 20 Cal.4th 310, 315-316 .................. 7

*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434 .................................. 8

*West v. Sundown Little League of Stockton* (2002) 96 Cal. App. 4th 351, 358 ................... 6

**STATUTES**

105 Ill. *Comp. Stat.* Ann. 25/1.15 .......................................................................................... 10

Colo. *Rev. Stat.* Ann. §25-43-103 .......................................................................................... 10

**FEDERAL STATUTES**

Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ......................................................... 2

Federal Rules of Civil Procedure 12(b)(1), (6), and (7) .......................................................... 2

**OTHER AUTHORITIES**

2015 U.S. Dist. LEXIS 1630 ..................................................................................................... 5

West's Ann. Cal. *Educ. Code* §49475 .................................................................................... 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendant United States Youth Soccer Association, Inc. ("USYSA") is a national youth soccer organization that acts as a national governing body for numerous state soccer associations, leagues, and clubs. USYSA moves to dismiss plaintiffs' Complaint on the grounds that it has no duty to enforce the concussion management plaintiffs seek, and is too far removed from direct interaction with youth soccer players to form a "special relationship" upon which liability can be imposed. USYSA also maintains that youth soccer players assume the risks of concussion when they consent to play soccer, and USYSA cannot be required to change the rules of, and/or the nature of, the game or oversee individual matches to enforce concussion protocols. Thus, USYSA moves to dismiss plaintiffs' Complaint, without leave to amend.

Plaintiffs' allegations within the Complaint against USYSA are substantively identical to the allegations they have asserted against United States Soccer Federation, Inc. Thus, USYSA has elected to file a joinder to United States Soccer Federation, Inc.'s Motion to Dismiss in an effort to conserve judicial resources and avoid burdening the Court with essentially identical Motions.

For the reasons set forth below, as well as the arguments and authorities found within United States Soccer Federation, Inc. and Federation Internationale de Football Association's Motions to Dismiss, Defendant United States Youth Soccer Association, Inc. respectfully requests that this Court dismiss Plaintiffs' Complaint, without leave to amend.

## II. OVERVIEW OF UNITED STATES YOUTH SOCCER ASSOCIATION.

Defendant United States Youth Soccer Association ("USYSA") is a non-profit and educational organization founded in 1974, whose mission is to foster the physical, mental and emotional growth and development of America's youth through the sport of soccer at all levels of age and competition. USYSA is the largest member of Defendant United States Soccer Federation ("US Soccer"), which is the governing body for soccer in the United States. USYSA registers over 3,000,000 youth players between the ages of five

and nineteen, and is made up of 55 autonomous member State Associations – one in each state, and two in California, New York, Ohio, Pennsylvania and Texas. Each State Association establishes its own bylaws, rules and regulations, and administration, and elects its own board of directors, which is responsible for overseeing their affiliate members, such as local soccer leagues and clubs.

USYSA is a member of a much larger soccer community. Boys and girls register to play with one of the 6,000+ clubs or leagues formed by their State Association. Each of the 55 State Associations across America are members of USYSA and US Soccer. US Soccer, along with over 208 other national soccer organizations, are members of FIFA, the Federation Internationale de Football Association. FIFA, which is also a Defendant in this matter, serves as the international governing body for soccer.

As set forth below, USYSA contends that plaintiffs cannot maintain any viable claims against USYSA for enforcement of concussion management, and thus, plaintiffs' Complaint should be dismissed with prejudice.

### III. PLAINTIFFS CANNOT ALLEGE A VIABLE CLAIM FOR NEGLIGENCE AGAINST USYSA IN COUNT 1 OR COUNT 2 OF THE COMPLAINT.

To establish a cause of action for Negligence, a plaintiff must show that (1) the defendant had a duty to use due care; (2) the defendant breached such duty; and (3) the breach was the proximate or legal cause of the resulting injury. (See, *Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 292).

As detailed in US Soccer and FIFA's Motions to Dismiss, USYSA is a national association for youth soccer in the United States and a member of US Soccer. USYSA does not oversee individual games and practices for most youth players, apart from certain national elite teams and tournaments, and is far removed from any direct interaction with youth soccer players in the United States. As aptly stated by US Soccer, "players affiliated with Defendant USYSA are members of clubs, which are members of leagues, which are members of state associations, which are members of regions, which are members of

USYSA, which is a national association member of US Soccer." (See, US Soccer's Motion to Dismiss, at Pg. 20).

### A. USYSA Does Not Have a Special Relationship with Plaintiffs That Would Give Rise to a Duty to Enforce Concussion Management.

As noted in US Soccer's Motion to Dismiss, Courts in California, Illinois, and Colorado have concluded that national governing organizations, such as USYSA, owe no duty to individuals in circumstances similar to those at issue here. For example, applying California law, the District Court for the Southern District of California dismissed a negligence claim against the Boy Scouts of America arising out of a participant's injury that was based on the Boy Scouts' alleged failure to adequately train the adult leaders who lead the various local Boy Scout troops on the ground that the allegations were too attenuated and not plausible. (*Kormylo v. Forever Resorts, LLC* (S.D. Cal. Jan. 6, 2015) 2015 U.S. Dist. LEXIS 1630).

Similarly, an Illinois Appellate Court determined that a governing trade association owed no duty to the members of its member associations, and noted that the role of the trade association was to provide services and programs to its members. (*Bailey v. Edward Hines Lumber Co.* (1999) 308 Ill.App.3d 58, 61). Applying Colorado law, the Tenth Circuit ruled that a governmental organization overseeing mine operators owed no duty to those operators, on the ground that "any foreseeability of risk [to miners] . . . is substantially outweighed by the social utility" of the "technical assistance" the organization rendered. (*Ayala v. United States* (10th Cir. 1995) 49 F.3d 607, 612; see also, US Soccer's Motion to Dismiss, Pg. 21-22).

In each of these cases, the defendant was far more closely connected to the plaintiff than USYSA is in this case, yet the Courts still found that the relationships were too attenuated to impose a duty on the governing entity. In this case, like those cited above, USYSA provides guidelines and programs to its State Associations, but it is the responsibility of the individual State Associations to implement those guidelines, regulate player conduct, and supervise the games. Clearly, USYSA lacks a direct relationship with

plaintiffs or members of the putative class, and thus has no ability – and no duty – to enforce the concussion management plaintiffs seek. (See, e.g. *Kormylo, supra*; cf. Complaint, ¶ 293-294).

### B. Plaintiffs Assumed the Risk of Injury by Consenting to Play Soccer, Thereby Eliminating a Legal Duty on the part of USYSA to Prevent Such Risks.

In addition to the above, defendant cannot be held liable for injuries arising from heading, as well as injuries that may arise from playing soccer in general, because plaintiffs assumed the risk inherent in such activities by choosing to engage in this sport.

As set forth in the Motions to Dismiss of US Soccer and FIFA (See, Pg. 24-25 and Pg. 20-21, respectively), it is well-established that when a plaintiff voluntarily elects to participate in a sport, "the defendant is relieved of his or her duty to use due care to avoid the plaintiff suffering an injury as a result of those inherently risky aspects of the sport." (*Knight v. Jewett* (1992) 3 Cal.4th 296, 308-09). The only duty ascribed to a sponsoring or other organizational defendant such as USYSA is to not take any action that would increase the risk of injury beyond that inherent in the sport. (See, e.g., *Avila v. Citrus Community College Dist.* (2006) 38 Cal. 4th 148, 162; *Knight v. Jewett* (1992) 3 Cal. 4th 296, 315; *West v. Sundown Little League of Stockton* (2002) 96 Cal. App. 4th 351, 358; *Fortier v. Los Rios Community College Dist.* (1996) 45 Cal. App. 4th 430, 439; *Bushnell v. Japanese-American Religious & Cultural Center* (1996) 43 Cal. App. 4th 525, 531; *Connelly v. Mammoth Mountain Ski Area* (1995) 39 Cal. App. 4th 8, 13).

As a matter of law, this defendant cannot be held liable for failing to "take steps to reduce injuries" resulting from risks that are inherent in the sport, as plaintiffs' contend. (Complaint, ¶ 2.) **To hold otherwise would threaten the very existence and nature of the game of soccer**. (*Nalwa v. Cedar Fair, L.P.* (2012) 55 Cal. 4th 1148, 1157). Clearly, plaintiffs' allegations are insufficient to state a claim for Negligence against this Defendant.

### C. Plaintiffs Cannot Establish that USYSA Assumed a Duty to Implement and Enforce Recommendations Contained in the Consensus Statement.

Count II for Breach of Voluntary Undertaking as alleged against USYSA fails as a matter of law as plaintiffs have not alleged any facts sufficient to show that USYSA affirmatively assumed any obligation to reduce the risks of concussions or enforce the Consensus Statement. (See, *Artiglio v. Corning Inc.* (1998) 18 Cal. 4th 604, 614-18 (the actor "must specifically have undertaken to perform the task that he is charged with having performed negligently, for without the actual assumption of the undertaking there can be no correlative duty to perform that undertaking carefully."); see also, *Martin v. Keeley & Sons, Inc.* (Ill. 2012) 979 N.E.2d 22, 30; *Jefferson County Sch. Dist. R-1 v. Justus* (Colo. 1987) 725 P.2d 767, 770).

Plaintiffs vague allegations in the Complaint that USYSA has a commitment to provide a "fun, safe, and healthy gave for ALL kids" is clearly insufficient to rise to the level of voluntary undertaking with respect to concussion management. There are no facts alleged anywhere in the Complaint which could support a conclusion that USYSA has assumed a duty to reduce the risk of injury through concussion management. (See, Complaint, ¶ 293-294).

### D. Plaintiffs Cannot Establish that USYSA is a Proximate Cause of Any Injuries Related to Concussion Management.

Proximate cause involves two elements: (1) cause in fact, and (2) the extent to which public policy considerations limit a defendant's liability for its acts. (See, *PPG Industries, Inc. v. Transamerica Ins. Co.* (1999) 20 Cal.4th 310, 315-316, which held that an insurer's negligent failure to settle a personal injury lawsuit was a cause in fact, but not a proximate cause, of the award of punitive damages).

The first element, cause in fact, is established if an act "is a necessary antecedent of an event," and this element "is a factual question for the jury to resolve." (*Ferguson v. Lieff, Cabraser, Heimann & Bernstein* (2003) 30 Cal.4th 1037, 1045.) The second element is "concerned, not with the fact of causation, but with the various considerations of policy

that limit an actor's responsibility for the consequences of his conduct." (*Id.* at p. 1045.) Because "the purported causes of an event may be traced back to the dawn of humanity," the law imposes additional limits on liability that are not related to "simple causality." (*Ibid.*)

In *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, the court explained that the public policy considerations element of proximate causation is a "policy-based legal filter on 'but for causation' that courts apply to those more or less undefined considerations which limit liability even where the fact of causation is clearly established." (*Id.* at p. 464; internal citations omitted). Because this prong focuses on the public policy considerations limiting liability, and not on the fact of causation, it is a question of law for the Court. (*Milwaukee Electric Tool Corp. v. Superior Court* (1993) 15 Cal.App.4th 547, 563; *Brewer v. Teano* (1995) 40 Cal.App.4th 1024, 1035 ["Whether a defendant's conduct is an actual cause of a plaintiff's harm is a question of fact, but the existence and extent of a defendant's liability is a question of law and social policy"].)

California Courts have repeatedly refused to impute liability to oversight organizations in cases of negligence, holding that such organizations are often a cause in fact, but not a proximate cause, of the plaintiffs' injuries. In *Evan F. v. Hughson United Methodist Church* (1992) 8 Cal.App.4th 828, for example, the Court refused to impose liability on a church that was sued by a molestation victim because public policy considerations did not support such liability. In that case, the pastor of a church molested a 13-year-old boy, who in turn molested his younger sister. A psychiatrist testified that the boy had molested his sister as a result of his own molestation by the pastor. The children and their parents sued the pastor, the local church, and the California-Nevada Annual Conference of the United Methodist Church, the larger organization to which the local church belonged. The trial court granted summary judgment in favor of the California-Nevada Annual Conference and the local church as to the sister's claims because the court concluded that defendants' alleged conduct was not a proximate cause of her damages. The appellate court reversed in part and affirmed in part, holding that the sister

could not proceed against the Conference for negligence because the Conference's alleged negligent hiring was not a proximate cause of her damages under the public policy considerations element of a proximate cause analysis. The court explained, "'Proximate cause' -- in itself an unfortunate term -- is merely the limitation which the courts have placed upon the actor's responsibility for the consequences of the actor's conduct." (See, *Evan F.*, supra, at p. 835). Legal responsibility, therefore, is limited "**to those causes which are so closely connected with the result and of such significance that the law is justified in imposing liability**." (*Ibid.*) (Emphasis added.) In other words, "[s]ome boundary must be set to liability for the consequences of any act, upon the basis of some social idea of justice or policy." (*Ibid.*) To set this boundary, the Court must examine "the nature and degree of the connection in fact between the defendant's acts and the events of which the plaintiff complains." (*Ibid.*) In applying these guidelines, the Court held that the Conference was not a proximate cause of the damage to the sister. **The court explained that "[t]o conclude otherwise would impose liability on the person who hired the person who molested the person who molested the person in [the sister's] position," and "[t]his convoluted syntax alone argues against imposing liability in this situation."** (*Ibid*; emphasis added).

In the present case, the syntax is nearly as convoluted: plaintiffs seek to impose liability on the national organization (USYSA) that chartered the State Association that chartered the local soccer club for whom plaintiffs played. The nature and degree of the connection between defendant USYSA's alleged negligent acts or omissions and the events of which the plaintiffs complain was and is, as a matter of public policy, too attenuated to support imposing liability on USYSA.

In *Jackson v. Ryder Truck Rental, Inc.* (1993) 16 Cal.App.4th 1830, 1847, the California Court of Appeal noted that the California Supreme Court had disapproved the standard proximate cause instruction given to the jury, and instead adopted a test of causation that asks whether a cause is a substantial factor in bringing about injury. (*Mitchell v. Gonzales* (1991) 54 Cal.3d 1041,1051-1052).

In effecting this change, the Court in *Mitchell* indicated it was intending to affect only the first prong of traditional proximate cause analysis, i.e. whether defendant's act or omission was a cause-in-fact of plaintiff's injury. (*Mitchell, supra,* 54 Cal.3d at 1049, fn. 4.) The *Jackson* Court stated, "Put differently, the traditional policy-analysis prong of proximate cause is unaffected by the instructional change brought about by *Mitchell*. We correctly assumed as much recently in *Evan F. v. Hughson United Methodist Church*...where we concluded policy considerations prevented defendant's conduct from being the proximate cause of harm to plaintiff." (*Jackson v. Ryder Truck Rental, Inc.* (1993) 16 Cal.App.4th 1830, 1847).

These policy considerations are further underscored by the concussion legislation that has been passed in Colorado, California, and Illinois. These statutes do not place any obligation on national governing bodies, but rather impose guidelines on entities such as leagues, clubs, and schools that have direct contact with the players. (See, Colo. *Rev. Stat.* Ann. §25-43-103; 105 Ill. *Comp. Stat.* Ann. 25/1.15; West's Ann. Cal. *Educ. Code* §49475).

Based on the foregoing, the relationship between plaintiffs and USYSA is too far removed to impose liability for negligence on this moving defendant.

### IV.  JOINDER TO US SOCCER'S MOTION TO DISMISS.

In light of the foregoing, defendant USYSA joins in US Soccer's Motion to Dismiss as follows:

Plaintiffs' allegations of Negligence (Count I) within the Complaint against USYSA are substantively identical to the allegations they have asserted against US Soccer. (*See,* Complaint, ¶ 32, and *compare* ¶¶ 261-288 *with* ¶¶ 289-316; see also, Complaint, ¶¶ 428-433, ). Accordingly, the allegations are deficient for the same reasons set forth in US Soccer's Motion to Dismiss. More specifically, in addition to their lack of standing to pursue this action, plaintiffs cannot maintain this claim against USYSA because USYSA has no duty to enforce the consensus, and is not a proximate cause of plaintiffs' injuries. As set forth above, USYSA is a national governing body that is too far removed from

direct contact with the youth soccer players of America to enforce the concussion management plaintiffs seek. Moreover, plaintiffs have assumed the risks inherent in the sport of soccer by voluntarily choosing to play. USYSA cannot be charged with changing the rules of the game or fundamentally altering the nature of this sport.

Similarly, plaintiffs' allegations of Breach of Voluntary Undertaking (Count II) within the Complaint against USYSA are substantively identical to the allegations they have asserted against US Soccer. (See, Complaint, ¶ 32, and compare ¶¶ 261-288 with ¶¶ 289-316; see also, Complaint, ¶¶ 435-444). Accordingly, the allegations are deficient for the same reasons set forth in US Soccer's Motion to Dismiss. In addition to the lack of standing, duty and causation as set forth above, plaintiffs have not adequately asserted that USYSA has assumed a duty to enforce the Consensus Statement.

Finally, Plaintiffs' allegations of Medical Monitoring (Count III) within the Complaint against USYSA are substantively identical to the allegations they have asserted against US Soccer. (See, Complaint, ¶ 32, and compare ¶¶ 261-288 with ¶¶ 289-316; see also, Complaint, ¶¶ 447-451). Accordingly, the allegations are deficient for the same reasons set forth in US Soccer's Motion to Dismiss, i.e. that Medical Monitoring is not a separate claim for relief in California, and is only a remedy. Plaintiffs already seek Medical Monitoring as a remedy to Counts I and II. However, those claims are equally flawed for the reasons set forth above.

## V. JOINDER TO FIFA'S MOTION TO DISMISS.

As set forth in detail in FIFA's Motion to Dismiss, plaintiffs' have not, and cannot, join a necessary and indispensable party to this action – namely, the International Football Association Board ("IFAB"). As the only entity with authority to amend the Laws of the Game, the Court cannot fashion meaningful, complete relief among the current defendants. (See, FIFA's Motion to Dismiss, Pg. 11-15; see also, *Disabled Rights Action Comm. v. Las Vegas Events, Inc.* (9th Cir. 2004) 375 F.3d 861, 879). In this case, plaintiffs seek fundamental changes to the way soccer is played. This relief can only be accorded by IFAB, which plaintiffs' concede in their Complaint. (See, Complaint, ¶ 214). Thus,

USYSA joins in Defendant FIFA's Motion to Dismiss for failure to join an indispensable party.

Additionally, defendant USYSA joins in FIFA's Motion to Dismiss based on 1) lack of standing, 2) lack of subject matter jurisdiction, and 3) failure to state a claim for Negligence, Breach of Voluntary Undertaking, and Medical Monitoring. The arguments and authorities found in FIFA's Motion to Dismiss with respect to these issues are equally applicable to defendant USYSA. Thus, for all the reasons set forth therein, defendant USYSA respectfully requests that plaintiff's Complaint be dismissed, without leave to amend.

## VI. CONCLUSION.

Because 1) Plaintiffs do not have standing to assert their claims, 2) Plaintiffs have not, and cannot, adequately plead the facts required to support their allegations against USYSA, and 3) for all the reasons discussed in US Soccer's and FIFA's Motions to Dismiss, USYSA moves to dismiss plaintiffs' Complaint with prejudice, and joins in US Soccer and FIFA's Motions to Dismiss. Defendant, USYSA, respectfully requests that all claims against USYSA be dismissed with prejudice.

DATED: January 30, 2015

BONNE, BRIDGES, MUELLER, O'KEEFE & NICHOLS
Professional Corporation

By: _____
Margaret M. Holm, Esq.
M. Christopher Hall, Esq.
Allyson S. Ascher, Esq.
Attorneys for Defendant,
UNITED STATES. YOUTH SOCCER ASSOCIATION, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 1851 East First Street, Suite 810, Santa Ana, CA 92705.

On January 30, 2015, I served true copies of the following document(s) described as **DEFENDANT UNITED STATES YOUTH SOCCER ASSOCIATION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND JOINDER TO DEFENDANTS UNITED STATES SOCCER FEDERATION AND FEDERATION INTERNATIONALE DE FOOTBALL ASSOCIATION'S MOTIONS TO DISMISS PLAINTIFFS' COMPLAINT; JOINDER TO DEFENDANTS UNITED STATES SOCCER FEDERATION, INC. REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Bonne, Bridges, Mueller, O'Keefe & Nichols's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 30, 2015, at Santa Ana, California.

_/s/ Lorraine Gallo_
LORRAINE GALLO

| | | |
|---|---|---|
| 1 | | **SERVICE LIST** |
| 2 | | **Mehr, et al. v. FIFA, et al.**<br>**USDC NDCA Case No. 14-CV-3879** |

| | | |
|---|---|---|
| 3 | Jon T. King | *Attorneys for Plaintiffs* |
| 4 | Hagens, Berman, Sobol, Shapiro, LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710 | |
| 5 | Telephone: 510.725.3000 | |
| 6 | Steve W. Berman | *Attorneys Pro Hac Vice for Plaintiffs* |
| 7 | Hagnes, Berman, Sobol, Shapiro, LLP<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101 | |
| 8 | Telephone: 206.623.7292 | |
| 9 | Elizabeth A. Fegan | *Attorneys Pro Hac Vice for Plaintiffs* |
| 10 | Thomas E. Ahlering<br>Hagens, Berman, Sobol, Shapiro, LLP<br>1144 W. Lake Street, Suite 400 | |
| 11 | Oak Park, IL 60301<br>Telephone: 708.628.4949 | |
| 12 | Facsimile: 708.682.4950 | |
| 13 | Jack W. Lee | *Attorneys Pro Hac Vice for Plaintiffs* |
| 14 | Derek G. Howard<br>Sean Tamura-Sato<br>Minami Tamaki LLP | |
| 15 | 360 Post Street, 8th Floor<br>San Francisco, CA 94108 | |
| 16 | Telephone: 415.788.9000 | |
| 17 | Chris Boehning | *Attorneys for Defendant, FEDERATION INTERNATIONALE DE FOOTBALL* |
| 18 | Dan Levi<br>Paul, Weiss, Rifkind, Wharton<br>& Garrison, LLP | *ASSOCIATION A.K.A. "FIFA"* |
| 19 | 1285 Avenue of the Americas<br>New York, New York 10019-6064 | |
| 20 | | |
| 21 | Russell F. Sauer, Jr.<br>Latham & Watkins, LLP | *Attorneys for Defendant, THE UNITED STATES SOCCER FEDERATION,* |
| 22 | 355 South Grand Avenue<br>Los Angeles, CA 90071-1560 | *INC.* |
| 23 | Telephone: 213.891.8244<br>Facsimile: 213.891.8763 | |
| 24 | Stuart Gordon | *Attorneys for Defendant, NATIONAL ASSOCIATION OF COMPETITIVE* |
| 25 | Fletcher Alford<br>Gordon & Rees | *SOCCER CLUBS, INC. D/B/A US CLUB SOCCER and AMERICAN* |
| 26 | 275 Battery Street, 20th Floor<br>San Francisco, CA 94111 | *YOUTH SOCCER ORGANIZATION* |
| 27 | Telephone: 415.986.5900 | |
| 28 | | |

KKINS-0003/1083203.1                                                                                           14-cv-03879

NOTICE OF JOINDER AND JOINDER TO DEFENDANT UNITED STATES SOCCER FEDERATION'S MOTION TO DISMISS

| | |
|---|---|
| 1  Wally Tice | ***Attorneys for Defendant, CALIFORNIA YOUTH SOCCER ASSOCIATION*** |
| 2  Lynch, Gilardi & Grummer | |
|    170 Columbus Avenue, 5th Floor | |
|    San Francisco, CA 94133 | |
| 3  Telephone:  415.397.2800 | |
|    Facsimile:   415.397.0937 | |