1   Wallace M. Tice (SBN 88177)
    Julie L. Fieber (SBN 202857)
2   LYNCH GILARDI & GRUMMER
    A Professional Corporation
3   170 Columbus Avenue, Fifth Floor
    San Francisco, California  94133
4   Telephone: (415) 397-2800
    Facsimile: (415) 397-0937
5   Email: *wtice@lgglaw.com*
           *jfieber@lgglaw.com*
6
    Attorneys for Defendant
7   CALIFORNIA YOUTH SOCCER
    ASSOCIATION, INC.
8

9               IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                      OAKLAND DIVISION

12  RACHEL MEHR; BEATA IVANAUSKIENE, as        CASE NO. 4:14-CV-03879 PJH
    parent of minor R.K.I. JR.; SARAH ARANDA,
13  as parent of minors B.A., D.A., AND I.A.; KIRA   **DEFENDANT CALIFORNIA YOUTH**
    AKKA-SEIDEL; KAREN CHRISTINE               **SOCCER ASSOCIATION, INC.'S (1)**
14  O'DONOGHUE, as parent of minor L.L.M., on  **NOTICE OF JOINDER AND JOINDER**
    behalf of themselves and all others similarly   **TO DEFENDANTS UNITED STATES**
15  situated,                                  **SOCCER FEDERATION'S and**
                                               **FÉDÉRATION INTERNATIONALE DE**
16              Plaintiffs,                    **FOOTBALL ASSOCIATION'S**
                                               **MOTIONS TO DISMISS COMPLAINT**
17        v.                                   **PURSUANT TO FRCP 12(b)(1), 12(b)(6)**
                                               **and 12(b)(7); (2) NOTICE OF JOINDER**
18  FÉDÉRATION INTERNATIONALE DE               **AND JOINDER TO DEFENDANT**
    FOOTBALL ASSOCIATION a/k/a "FIFA"; THE     **FÉDÉRATION INTERNATIONALE DE**
19  UNITED STATES SOCCER FEDERATION,           **FOOTBALL ASSOCIATION'S MOTION**
    INC.; US YOUTH SOCCER ASSOCIATION,         **TO COMPEL ARBITRATION and (3)**
20  INC.; AMERICAN YOUTH SOCCER                **NOTICE OF MOTION AND MOTION**
    ORGANIZATION; NATIONAL                     **TO DISMISS COMPLAINT PURSUANT**
21  ASSOCIATION OF COMPETITIVE SOCCER          **TO FRCP 12(b)(1) AND 12(b)(6);**
    CLUBS, INC. d/b/a US CLUB SOCCER, and      **MEMORANDUM OF POINTS AND**
22  CALIFORNIA YOUTH SOCCER                    **AUTHORITIES**
    ASSOCIATION,
23                                             Judge:   Hon. Phyllis J. Hamilton
                Defendants.                    Date:    May 6, 2015
24                                             Time:    9:00 a.m.
                                               Dept.:   Courtroom 3
25
                                               Complaint filed 08/27/2014
26

27

28

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5ᵗʰ Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1

## TABLE OF CONTENTS

2

Page

3   I.    INTRODUCTION ..................................................................................................2

4   II.   RELEVANT FACTUAL BACKGROUND ...........................................................3

5         A.    CYSA's Role as a Regional Organization Affiliated with US Soccer and
               US Youth Soccer Association to Help Organize Youth Soccer Programs in
6               Northern California. .................................................................................................3

7         B.    Background on Plaintiffs and the CYSA Release ....................................................4

8   III.  PLAINTIFFS LACK STANDING TO OBTAIN THE RELIEF SOUGHT IN
          COUNTS 1 (NEGLIGENCE) AND 2 (VOLUNTARY UNDERTAKING) ..................5
9
          A.    None of the Plaintiffs Alleges an Injury That Would Give Rise to a Right to
10              Medical Monitoring Relief from Defendants. .........................................................5

11        B.    Plaintiffs Lack Standing to Seek Prospective Injunctive Relief with Respect
               to CYSA. ..................................................................................................................6
12
          C.    Plaintiff Mehr's Claims Are Time-Barred. .............................................................7
13
14  IV.   PLAINTIFFS HAVE NOT, AND CANNOT, ALLEGE VIABLE CLAIMS
          FOR NEGLIGENCE IN COUNTS 1 AND 2 BECAUSE CYSA HAD NO
          DUTY TO IMPLEMENT THE CONSENSUS STATEMENT OR TO
15        CHANGE THE RULES OF SOCCER TO PROHIBIT HEADING ................................9

16        A.    CYSA Has No Legal Duty to Implement the Consensus Statement
               Recommendations for Concussion Management. ....................................................9
17
               1.    CYSA has no legal obligation to enforce the recommendations
18                   contained in the Consensus Statement. ......................................................10

19             2.    CYSA does not have a "relationship" with Plaintiffs that gives rise
                     to a duty to enforce the recommendations in the Consensus
20                   Statement. ...................................................................................................11

21             3.    CYSA did not assume a duty to enforce the recommendations
                     contained in the Consensus Statement. ......................................................12
22
          B.    CYSA Has No Legal Obligation To Change The Rules Of The Game Of
23             Soccer To Prohibit Or Restrict "Heading". ...........................................................13

24        C.    CYSA Has No Duty Because the California Plaintiffs Signed Express
               Liability Waivers. ..................................................................................................15

25  V.    PLAINTIFFS' INDEPENDENT CLAIM FOR MEDICAL MONITORING
          (COUNT 3) SHOULD BE DISMISSED WITH PREJUDICE ......................................17
26
27  VI.   PLAINTIFFS DID NOT PLEAD ANY CLAIMS AGAINST CYSA............................17

    VII.  CONCLUSION ..................................................................................................18
28

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1

## <u>TABLE OF AUTHORITIES</u>

2                                                                                              <u>Page</u>

3  <u>CASES</u>

4  *Artiglio v. Corning Inc.*
     18 Cal.4th 604 (1998) ............................................................................................13
5
   *Avila v. Citrus Community College Dist.*
6    38 Cal.4th 148 (2006) ............................................................................................14

7  *Benedek v. PLC Santa Monica, LLC*
     104 Cal.App.4th 1351 (2002) .................................................................................16
8
   *Berman v. Parker*
9    348 U.S. 26 (1954).................................................................................................11

10 *Bernhardt v. County of Los Angeles*
     279 F.3d 862 (9th Cir. 2002) ...................................................................................5
11
   *Bushnell v. Japanese-American Religious & Cultural Center*
12   43 Cal.App.4th 525 (1996).....................................................................................14

13 *Coates v. Newhall Land & Farming, Inc.*
     191 Cal.App.3d 1 (1987)....................................................................................15, 16
14
   *Collins v. Schweitzer, Inc.*
15   21 F.3d 1491 (9th Cir. 1994) ..................................................................................12

16 *Connelly v. Mammoth Mountain Ski Area*
     39 Cal.App.4th 8 (1995) .........................................................................................14
17
   *Fortier v. Los Rios Community College Dist.*
18   45 Cal.App.4th 430 (1996) .....................................................................................14

19 *Gest v. Bradbury*
     443 F.3d 1177 (9th Cir. 2006) ..................................................................................6
20
   *Johnson v. Mitsubishi Electronics America, Inc.*
21   578 F. Supp. 2d 1229 (C.D. Cal. 2008)....................................................................9

22 *Kahn v. East Side Union High School Dist.*
     31 Cal. 4th 990 (2003)............................................................................................14
23
   *Knight v. Jewett*
24   3 Cal.4th 296 (1992) ..............................................................................................14

25 *Kormylo v. Forever Resorts, LLC*
     2015 U.S. Dist. LEXIS 1630 (S.D. Cal. Jan. 6, 2015) ..........................................12
26
   *Levinson v. Owens*
27   176 Cal. App. 4th 1534 (2009) ...............................................................................14

28 *Los Angeles v. Lyons*

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

461 U.S. 95 (1983) ....................................................................................................6

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992) ..............................................................................................6

*Nalwa v. Cedar Fair, L.P.*
55 Cal. 4th 1148 (2012) ......................................................................................15

*Nemarnik v. Los Angeles Kings*
103 Cal. App. 4th 631 (2002) .............................................................................15

*Potter v. Firestone Tire & Rubber Co.*
6 Cal.4th 965 (1993) ...........................................................................................17

*Settle v. World Sav. Bank, F.S.B.*
2012 U.S. Dist. LEXIS 4215 (C.D. Cal. Jan. 11, 2012).......................................8

*West v. Sundown Little League of Stockton*
96 Cal.App.4th 351 (2002) .................................................................................14

*White v. Lee*
227 F.3d 1214 (9th Cir. 2000) ..............................................................................5

<u>CODES AND STATUTES</u>

Federal Rules of Civil Procedure, Rule 9(b) ............................................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant California Youth Soccer Association, Inc. ("CYSA" or "Cal North") hereby joins in the (1) Notice of Motion and Motion to Dismiss Plaintiffs' Complaint filed by Defendant United States Soccer Federation, Inc. ("US Soccer" or "USSF") ("US Soccer's Motion"); (2) Notice of Motion and Motion to Dismiss Plaintiffs' Complaint filed by Defendant Fédération Internationale de Football Association's ("FIFA") ("FIFA's Motion"); and (3) FIFA's Motion to Compel Arbitration, all pending before this Court and scheduled for hearing simultaneously with this Motion. CYSA respectfully requests that any relief ordered by the Court relative to US Soccer's Motion, FIFA's Motion, or FIFA's Motion to Compel Arbitration be ordered also in favor of CYSA.

Additionally, PLEASE TAKE NOTICE that on May 6, 2015, at 9:00 a.m., or as soon thereafter as the matter may be heard by the Court in the courtroom of the Honorable Phyllis J. Hamilton, Courtroom 3, Third Floor, United States District Court, 1301 Clay Street, Oakland, California 94612, Defendant CYSA will, and hereby does, move the Court for an order dismissing Plaintiffs' Complaint with prejudice on the additional grounds noted below. This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, Request for Judicial Notice ("RJN") and Declaration of J. Peter Zopfi ("Zopfi Decl."), oral argument, and such other matters as the Court may consider.

## STATEMENT OF ISSUES

CYSA joins in US Soccer's Motion to Dismiss Plaintiffs' Complaint on the grounds that Plaintiffs lack standing to pursue the relief sought as to Counts 1 and 2, and that Count 3 should be dismissed because the states where Plaintiffs reside do not recognize independent claims for medical monitoring, and Plaintiffs have no alleged exposure to a known hazardous substance. CYSA also joins FIFA's Motion and FIFA's Motion to Compel Arbitration.

In addition, the Complaint should be dismissed with prejudice as to CYSA based on the following additional defenses, which are specific to CYSA:

- Only two of the named Plaintiffs, Rachel Mehr ("Mehr") and Kira Akka-Seidel

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

("Akka-Seidel"), allege that they played soccer in California for CYSA-affiliated teams. Of those two, Mehr's claims are time-barred. Given her birthdate of November 21, 1993, she would have turned 18 on November 21, 2011, and therefore California law required personal injury claims accrued from her participation in youth soccer to have been filed within 2 years of her 18th birthday, or by November 21, 2013. This suit was not filed until August 27, 2014, nine months after that limitations period had expired, and Plaintiffs' alleged fraudulent concealment does not save Mehr's claims.

- The claims of both of the California plaintiffs, Mehr and Akka-Seidel, are precluded by the express liability releases that their parents signed as a condition of them playing for CYSA-affiliated teams.

- None of the Plaintiffs, including the two California plaintiffs, Mehr and Akka-Seidel, actually plead a claim directly against CYSA.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

As detailed in US Soccer's Motion and in FIFA's Motion, this action seeks a fundamental change in the rules of youth soccer. However, numerous problems with Plaintiffs' claims warrant dismissal of the Complaint with prejudice. CYSA joins in US Soccer's Motion and in FIFA's Motion, and asks that any relief ordered by the Court relative to US Soccer's Motion or FIFA's Motion be ordered also in favor of CYSA. To avoid duplication, CYSA will not repeat US Soccer's and FIFA's arguments here, except where CYSA's status as a regional California organization overseeing club and league-level youth soccer raises different considerations than addressed in US Soccer's Motion or FIFA's Motion.

In addition to incorporating US Soccer's and FIFA's arguments, CYSA will focus in its own Motion to Dismiss on defenses particular to its status as the only California-based defendant, and on the claims of the only named Plaintiffs, Mehr and Akka-Seidel, who allege that they played with CYSA-affiliated teams. Three specific issues are discussed:

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

First, Mehr's claims are time barred. Given her birthdate of November 21, 1993, she would have turned 20 on November 21, 2013, at which time the two-year limitations period for any personal injury she might have sustained while playing on a CYSA youth team would have expired under California law. This suit was filed August 27, 2014, nine months after the limitations period had expired, and Plaintiffs' fraudulent concealment contentions do not toll that period.

Second, anyone playing on a CYSA-affiliated team must have a parent or guardian sign on their behalf explicit releases of all claims against CYSA or its affiliates arising from participation in the sport. Mehr's and Akka-Seidel's parents or guardians needed to sign such releases as a condition of Mehr and Akka-Seidel playing soccer for CYSA-affiliated teams. Those releases preclude the claims that Mehr and Akka-Seidel have pled.

Third, none of the Plaintiffs, including Mehr and Akka-Seidel as the only California plaintiffs, actually plead a claim against CYSA. In fact, Mehr specifically states that she is "suing FIFA, AYSO, US Youth Soccer Association and US Club Soccer," and Akka-Seidel similarly specifies that she is "suing FIFA, USYSA, and USSF Soccer." Compl. ¶¶ 38 and 47. While perhaps an oversight, no specific claims have been asserted against CYSA.

## II.     RELEVANT FACTUAL BACKGROUND

### A.     CYSA's Role as a Regional Organization Affiliated with US Soccer and US Youth Soccer Association to Help Organize Youth Soccer Programs in Northern California.

CYSA (also known as Cal North) is a non-profit corporation which serves to provide an opportunity for youth players of all levels of skill across Northern California to participate in soccer programs. It is an affiliated member of US Youth Soccer Association, Inc. (USYSA) which in turn is a member of USSF, and thus complies with the authority of USYSA and USSF. CYSA's territory extends within California from the Oregon state line south to the southern boundaries of Monterey, Kings, Tulare and Inyo counties. That territory is divided into nine geographically based districts. Each of those districts is further geographically divided into clubs or leagues of registration. There are more than 300 clubs or leagues within CYSA. Each club or league in turn oversees a multitude of individual soccer teams. For example, District 1 covers the greater San Francisco region, and is divided into four leagues which, in turn, are further divided into numerous

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

teams. The South San Francisco United Youth Soccer League, for instance, currently has approximately thirteen "House Teams" in just its recreational program, including the SSF Chelsea, the SSF Arsenal, and the SSF Jedis. Approximately 188,000 youths currently play soccer through teams registered with one of CYSA's community-based soccer leagues. CYSA does not directly oversee individual players or games. That level of supervision and control rests with the individual teams and coaches.

CYSA is a member of USYSA, which, along with American Youth Soccer Organization ("AYSO") and National Association of Competitive Soccer Clubs, Inc. ("US Club Soccer") comprise the "Youth Members" of US Soccer, provides oversight to its under-eighteen age members. CYSA does not have authority to make or change the "Laws of the Game" of soccer. That authority is held by non-party the International Football Association Board ("IFAB").

**B.     Background on Plaintiffs and the CYSA Release**

Plaintiffs are one current and six *former* youth soccer players who played on teams affiliated with one of US Soccer's Youth Council members, and who together seek to represent a class of all individuals who played for a team affiliated with one of US Soccer's Youth Council members since 2002 – a class that will likely exceed 15 million individuals.[1]

Only two of the named Plaintiffs, Mehr and Akka-Seidel, allegedly played with CYSA-affiliated teams. Registration information shows Mehr's birthdate as November 21, 1993. RJN Ex. A; Zopfi Decl. Ex. A. Both are now over 18, and therefore ineligible to play on CYSA-affiliated teams. *Id.*

As a condition of playing on any CYSA-affiliated team, players' parents or guardians, including the parents or guardians of Mehr and Akka-Seidel, had to have signed broad liability releases agreeing to release and to hold harmless CYSA and affiliated organizations from and against any and all claims arising out of or related in any way to the player's participation in the program. One release is included in the CYSA Membership Forms.  *See* RJN Ex. B; Zopfi Decl. Ex. B. In addition, another release must be filled out and affixed to the Member Pass in order for a

---

[1] As noted in both FIFA's Motion and US Soccer's Motion, read literally, Plaintiffs' proposed class is even more broadly defined, as it purports to include *all* individuals who played soccer at any level in each of FIFA's 209 member countries over the last 12 years – not just those who played for youth members associated with US Soccer.

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1  player to participate in any game. *See* RJN Ex. C; Zopfi Decl. Ex. C. By this release, the players'

2  parents, on behalf of themselves and the player, agree to "release and agree to hold harmless and to

3  indemnify the CYSA Parties . . . from and against any and all claims, liabilities, suits, damages,

4  causes of action, and demands of any kind, including attorney's fees, costs, and expenses, arising

5  out of or related in any way to player's participation in any of the programs of the CYSA Parties."

6  *Id.* Neither Mehr nor Akka-Seidel could have played soccer on a CYSA-affiliated team unless her

7  parents signed those releases.

8  **III.    PLAINTIFFS LACK STANDING TO OBTAIN THE RELIEF SOUGHT IN
      COUNTS 1 (NEGLIGENCE) AND 2 (VOLUNTARY UNDERTAKING)**

9

10       **A.    None of the Plaintiffs Alleges an Injury That Would Give Rise to a Right to
             Medical Monitoring Relief from Defendants.**

11            CYSA joins and incorporates by reference US Soccer's and FIFA's arguments seeking

12  dismissal of Counts 1 and 2 based on Plaintiffs' lack of standing, as set out in Section II of US

13  Soccer's Motion and in Section I.C of FIFA's Motion. Specific to CYSA, neither of the California

14  plaintiffs, Mehr or Akka-Seidel, can establish standing to bring claims against CYSA because

15  neither has pled an injury fairly traceable to their play on CYSA-affiliated teams.

16            To establish standing, a plaintiff must show "(1) she has suffered an 'injury in fact' that is

17  (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the

18  injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to

19  merely speculative, that the injury will be redressed by a favorable decision." *Bernhardt v. County*

20  *of Los Angeles*, 279 F.3d 862, 868–69 (9th Cir. 2002).

21            Here, neither Mehr nor Akka-Seidel pled that she suffered a concussion or other harm while

22  playing for a team affiliated with CYSA or any of the US Defendants. Therefore, neither can claim

23  an injury arising from CYSA's alleged lack of sufficient concussion management protocols. *See*

24  *also* US Soccer's Motion, Section II.A.1; FIFA's Motion, Section I.C.1. Absent an injury, neither

25  has standing and their claims should be dismissed. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

26  2000) (standing is properly the subject of a Rule 12(b)(1) motion to dismiss).

27

28

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

Likewise, neither Mehr nor Akka-Seidel pled that she headed a soccer ball or engaged in repetitive heading.[2] Therefore, neither is entitled to retrospective relief in the form of medical monitoring as a result of CYSA's alleged failure to adopt rules addressing the issue of brain injuries caused by repetitive heading by players under the age of 17. *See also* US Soccer's Motion, Section II.A.2; FIFA's Motion, Section I.C.3. In short, the claims for retrospective relief as to CYSA should be dismissed for Plaintiffs' lack of standing.

### B.   Plaintiffs Lack Standing to Seek Prospective Injunctive Relief with Respect to CYSA.

Similarly, Plaintiffs' claims for prospective injunctive relief should be dismissed with respect to CYSA. CYSA joins and incorporates by reference US Soccer's arguments seeking dismissal of the claims for prospective injunctive relief. *See* US Soccer's Motion, Section II.B; FIFA's Motion, Section I.C.

Plaintiffs seek three forms of prospective injunctive relief: 1) modification of the FIFA rule limiting player substitutions; 2) implementation of system-wide concussion management and return-to-play guidelines; and 3) restrictions on heading for players under age 17. Compl. ¶¶ 432, 443.

In addition to the Article III standing requirements discussed above, a plaintiff seeking injunctive relief has the burden of showing an imminent threat of irreparable harm. *See Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (plaintiffs must be "realistically threatened by a repetition of the violation"). In the context of this suit, this means that the California plaintiffs, Mehr and Akka-Seidel, must plead facts showing an immediate threat of an injury-in-fact that is traceable to CYSA conduct and that would be redressed by the relief sought. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Given that both Mehr and Akka-Seidel are now too old to play with CYSA-affiliated teams, they could not possibly meet that burden, as Mehr and Akka-Seidel have aged out of facing any alleged threat from CYSA.

Moreover, with regard to the "FIFA substitution rule," as Plaintiffs concede, the rule is not followed at the youth soccer level. Complaint ¶ 383. Therefore, there is no imminent threat of harm

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

---

[2] And, this is not surprising since Mehr and Akka-Seidel were goalkeepers who do not, as a regular matter, head the ball.

1    and no basis to grant an injunction prohibiting CYSA from enforcing the rule, as CYSA already

2    does not enforce that rule. *See also* US Soccer's Motion, Section II.B.1; FIFA Motion, Section

3    I.C.2.

4         With respect to adoption of the Consensus Statement or imposing limits on heading, neither

5    Mehr nor Akka- Seidel can show an imminent threat of harm warranting injunctive relief to force

6    rule changes. Both are now too old to play on CYSA-affiliated teams, so neither faces any threat of

7    future harm if CYSA does not make these rule changes.

8         In short, Counts 1 and 2 should be dismissed with respect to CYSA because of Plaintiffs'

9    lack of standing.

10        **C.    Plaintiff Mehr's Claims Are Time-Barred.**

11        An additional reason exists to dismiss Mehr's claims with respect to CYSA.

12        Plaintiff Mehr lacks standing because all of her claims against CYSA are time-barred.

13   Mehr's birthdate is November 21, 1993, and the last season she played on a CYSA-affiliated team

14   was the Fall 2008-2009. *See* RJN Ex. A; Zopfi Decl. Ex. A. Thus, she was required to bring any

15   claim for personal injury sustained during this play within 2 years of turning 18, or by November

16   21, 2013. California Code of Civil Procedure §335.1 (2-year limitations period for personal injury

17   claims) and §352 (tolling limitations period until 2 years after minor reaches age 18). This

18   Complaint was filed August 27, 2014, which is nine months after Mehr had turned 20, so Mehr's

19   claims are time-barred.

20        Plaintiffs will claim that the limitations period was tolled because Defendants fraudulently

21   concealed the risks of concussions. They have asserted that "FIFA and the other defendants

22   continues [sic] to ignore and actively conceal the repeated warning and patterns of injury of which

23   FIFA has actual knowledge," and that before a concussion at the World Cup occurred in 2014,

24   "Plaintiffs and the Class were unaware that the conduct of FIFA may have caused them to be at an

25   increased risk for developing chronic brain injury symptoms[.]" Compl. ¶¶408, 410. These

26   allegations are insufficient to establish fraudulent concealment for at least two reasons. First,

27   Plaintiffs, and Mehr in particular, fail to allege fraudulent concealment with sufficient particularity.

28   Second, Plaintiffs' own Complaint makes clear that the information about concussion-related risks

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

of soccer has been available to the public for over a decade.

Federal Rules of Civil Procedure, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Particularity in pleading requires that the Plaintiff provide the "who, what, when, where, and how of the misconduct alleged." *Settle v. World Sav. Bank, F.S.B.*, 2012 U.S. Dist. LEXIS 4215, at *23 (C.D. Cal. Jan. 11, 2012) (internal citations omitted). While Plaintiffs provide the barest of facts related to the "who" ("FIFA and the other defendants" [Compl. ¶411]), and a general statement of the what (that soccer players may be at risk of concussion [Compl. ¶408]), they, and Mehr in particular, provide no facts identifying the when, where and how of the alleged concealment. None of the allegations are specific to Mehr or to CYSA (or any of the US Defendants for that matter). Given this failure to allege active concealment with the particularity required by Fed. R. Civ. P. 9(b), Mehr may not rely on the allegations of fraudulent concealment to toll the statute of limitations.

Mehr also cannot show fraudulent concealment because, by Plaintiffs' admission in the Complaint, the information allegedly concealed has been publicly available for at least ten years. Plaintiffs cite numerous consensus statements and alleged best practices on concussion management and return to play protocols developed and made publicly available more than two years before the filing of their Complaint, including by way of example only:

- The "Concussion in Sports Group" Vienna Protocol published in 2002, the Prague Protocol" published in 2005 and the "Zurich Protocol" published in 2008 (Complaint ¶¶ 133-141, ¶¶ 155-165 fns. 51-53);

- The 2004 National Athletic Trainer s' Association Position Statement: Management of Sports-Related Concussion (Complaint ¶¶142-145 and fn. 54); and

- The 2006 American College of Sports Medicine Concussion Consensus Statement and the 2011 Update. Compl. ¶¶146-148, 173-175 and fn. 55, 64 and 65.

They also cite to no less than 35 *publicly available* journal studies, news articles, and press releases that detail the concussion-related risks associated with sports in general and soccer specifically. Compl., *passim*. Plaintiffs also admit that CYSA published information about concussion treatment and management on its website as early as September 30, 2013, (Compl. ¶ 350), and that both FIFA

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

and US Soccer included concussion information on their websites. Compl. ¶¶134, 229-234, 261-263.

These facts, asserted by the Plaintiffs themselves, contradict any claim of fraudulent concealment. Plaintiffs' allegations of fraudulent concealment are insufficient to toll any otherwise applicable statute of limitations. *See, e.g., Johnson v. Mitsubishi Electronics America, Inc.,* 578 F. Supp. 2d 1229 (C.D. Cal. 2008) (where the information was admittedly publicly available, allegation of fraudulent concealment insufficient to toll statute of limitations).

**IV.    PLAINTIFFS HAVE NOT, AND CANNOT, ALLEGE VIABLE CLAIMS FOR NEGLIGENCE IN COUNTS 1 AND 2 BECAUSE CYSA HAD NO DUTY TO IMPLEMENT THE CONSENSUS STATEMENT OR TO CHANGE THE RULES OF SOCCER TO PROHIBIT HEADING**

CYSA joins and incorporates by reference US Soccer's and FIFA's arguments that seek dismissal of Counts 1 and 2 based on Plaintiffs' inability to plead facts showing a duty owed by any of the Defendants, as set out in Section III of US Soccer's Motion and in Section II of FIFA's Motion.

Specific to CYSA, Plaintiffs allege that CYSA either owed a duty (Count 1) or voluntarily assumed a duty (Count 2) towards Plaintiffs "to supervise, regulate, monitor, and provide reasonable and appropriate rules to minimize the risk of injury to the players" by adopting and enforcing Laws of the Game that "would reduce the risk of preventable injuries resulting from concussions and repetitive heading." Compl. ¶¶ 28, 424, 435. Dismissal is proper because Plaintiffs have not pled facts giving rise to any such duty on the part of CYSA.

**A.    CYSA Has No Legal Duty to Implement the Consensus Statement Recommendations for Concussion Management.**

Plaintiffs assert that CYSA breached a duty to implement and to enforce the recommendations for concussion management contained in the Consensus Statement, including, among other things:

- A mandatory, 24 hour stepwise return to play guideline

- Formal baseline testing regardless of age or level of performance of the player

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

- Requiring that a player with a concussion or suspected concussion be evaluated, managed, and cleared by medical personnel with specific expertise in concussion diagnosis, treatment, and management.

Compl. ¶¶ 349-374.

However, as detailed in US Soccer's Motion (*see* Section III.A), the Consensus Statement is not intended as a standard of care, but was developed for use by healthcare professionals. Its suggestions regarding the evaluation of players' symptoms and implementation of the multi-step return-to-play guidelines require the participation of those who have direct contact with the injured player. The document neither suggests nor requires that organizations that lack direct involvement in the events leading to the injury, like CYSA, have responsibility for the evaluation of symptoms or the resulting diagnosis and treatment. In fact, it makes no sense to impose on CYSA a duty to intervene in the diagnosis and treatment of individual players, because CYSA has no practical ability to enforce these recommendations. The information needed for such enforcement is protected by HIPAA, doctor/patient privilege and other privacy laws.

1.    CYSA has no legal obligation to enforce the recommendations contained in the Consensus Statement.

Plaintiffs have not pled that CYSA has a legal obligation to rewrite the "Laws of the Game" to reduce the risk of concussions. To the contrary, Plaintiffs allege that FIFA makes the Laws of the Game and serves as the "international governing body for soccer." Compl. ¶ 93.[3] As a regional organization member of USYSA, which is a member of US Soccer, which is a member of FIFA, CYSA lacks the power to do so. *Id.* Under this structure, the rule changes envisioned by Plaintiffs should come from governing bodies like IFAB, rather than through the unilateral and ad hoc adoption by regional bodies. Plaintiffs do not identify any authority that would impose on CYSA an obligation unilaterally to adopt the Consensus Statement.

Tellingly, the California legislature, which has adopted legislation regarding concussion management, has declined to impose such a legal duty on organizations, like CYSA, which lack direct contact with the players. For example, California Education Code section 49475 requires that

Lynch, Gilardi & Grummer
A Professional Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA 94133
Ph (415) 397-2800
Fax (415) 397-0937

---

[3] As set forth in FIFA's Motion (Section I.B), only IFAB has the authority to make changes to the Laws of the Game, a fact Plaintiffs concede in the Complaint.  Compl. ¶ 214.

schools offering athletic programs remove athletes suspected of sustaining a concussion or head injury from play, and provide annual concussion and head injury information sheets. West's Ann. Cal. Educ. Code § 49475. No similar requirement has been passed with respect to non-scholastic organizations (such as private associations and leagues), much less regional governing bodies several steps removed from the events that give rise to the injury.

Where, as here, a legislature has specifically addressed an issue and declined to impose certain duties on an organization, "the public interest has been declared in terms well-nigh conclusive. In such cases the legislature, not the judiciary, is the main guardian of the public needs to be served by social legislation . . . ." *Berman v. Parker*, 348 U.S. 26, 32 (1954). In such circumstances, the Court should not substitute its judgment and impose greater duties on CYSA than those already imposed by the legislature.

>        2.    CYSA does not have a "relationship" with Plaintiffs that gives rise
>              to a duty to enforce the recommendations in the Consensus Statement.

CYSA is an intermediate layer in a hierarchy of United States soccer organizations. At the top are rule-making bodies like IFAB and US Soccer. Below are regional organizations, like CYSA, and below that lie districts, which oversee clubs and leagues, which in turn oversee individual teams. Although players are members of it, CYSA does not directly oversee individual youth players or their play. With leagues and clubs in between, there are multiple levels of organization between CYSA and the youth players.

Because CYSA does not directly monitor the play of individual youth players, CYSA has no ability to "enforce" the recommendations in the Consensus Statement regarding concussion management. Among other things, those recommendations include a 5 to 7 day step-wise return-to-play protocol that requires daily monitoring of activity and symptoms. As a practical matter, CYSA cannot enforce guidelines for which it has no method of confirming compliance, nor can it be responsible for dictating the appropriate course of medical treatment for an injury. As acknowledged by the Consensus Statement, ***that is and should be a matter addressed by the child's parents and doctor.*** CYSA lacks a mechanism to enforce the recommendations in the Consensus Statement once a youth player leaves the soccer field and goes home, particularly given

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1    that the information needed for such enforcement is protected by HIPAA, doctor/patient privilege,

2    and other privacy laws.

3         California courts have reached the same conclusion regarding the lack of liability of a

4    governing organization in similar circumstances. For example, applying California law, the District

5    Court for the Southern District of California dismissed a negligence claim against the Boy Scouts

6    of America that arose out of a participant's injury and was based on the Boy Scouts' alleged failure

7    adequately to train the adult leaders who lead the various local Boy Scout troops, on the ground that

8    the allegations were too attenuated and not plausible. *Kormylo v. Forever Resorts, LLC*, 2015 U.S.

9    Dist. LEXIS 1630 (S.D. Cal. Jan. 6, 2015); *see also Collins v. Schweitzer, Inc.*, 21 F.3d 1491, 1495

10   (9th Cir. 1994) (applying Idaho law, the Ninth Circuit concluded that a governing organization

11   owed no duty to an individual injured in a skiing accident, because it did not "construct, supervise,

12   direct or control [the] ski racing courses at any ski area."). Although the governing organization

13   "provides written guidelines for placement of race courses[,] the location and placement of the

14   course is the responsibility of the ski area. [The organization] does not send representatives to

15   supervise the preparation, or conduct of, any ski race." *Id.* In *Kormylo*, the defendant was only a

16   single level above the entity with which the plaintiff was involved, yet the court found that such an

17   indirect relationship between the governing entity and the plaintiff was too attenuated to impose a

18   duty on the governing entity. Here, CYSA is *even further removed* from the allegedly injured

19   individuals and, therefore, cannot be found to owe a duty to Plaintiffs on the basis of an alleged

20   "relationship" between the parties.

21            3.    CYSA did not assume a duty to enforce the recommendations contained in
                   the Consensus Statement.

22

23        CYSA joins and incorporates by reference US Soccer's and FIFA's arguments that seek

24   dismissal of Count 2 based on Plaintiffs' inability to plead facts showing that Defendants assumed

25   a duty to enforce the Consensus Statement recommendations, as set out in Section III.A.3 of US

26   Soccer's Motion and in Section II.B of FIFA's Motion.

27        Plaintiffs claim CYSA and the other Defendants "voluntarily assumed a duty toward

28   Plaintiffs and the Class to supervise, regulate, monitor, and provide reasonable and appropriate

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

rules to minimize the risk of injury to the players." Compl. ¶ 435. However, CYSA follows the rules set by international and national organizations, *e.g.*, IFAB and US Soccer. Moreover, as a regional organization, it does not supervise, regulate or monitor the play of youth players like Plaintiffs.

Establishing a voluntary undertaking requires Plaintiffs to allege facts sufficient to show that CYSA specifically assumed an obligation to reduce the risk of injury that can result from improper concussion management. *See, e.g., Artiglio v. Corning Inc.*, 18 Cal.4th 604, 614-18 (1998) (the actor "must specifically have undertaken to perform the task that he is charged with having performed negligently, for without the actual assumption of the undertaking there can be no correlative duty to perform that undertaking carefully."). The Complaint lacks such facts.

Plaintiffs allege that CYSA adopted a concussion protocol which is almost a verbatim replica of the USYSA protocol. Compl. ¶ 351. However, that alone does not mean CYSA is obligated to adopt the Consensus Statement. Given the lack of harmony on what constitutes a standard of care, there is no legal or factual basis on which to impose a duty on CYSA to implement and to enforce the recommendations in the Consensus Statement regarding concussion management (which, by its own terms, is ***not*** a standard of care but a set of suggested guidelines for ***physicians*** to follow in treating concussed players). Count 2 should be dismissed without leave to amend to the extent it alleges breach of such a duty on the part of CYSA.

**B.    CYSA Has No Legal Obligation To Change The Rules Of The Game Of Soccer To Prohibit Or Restrict "Heading".**

CYSA joins and incorporates by reference US Soccer's arguments that seek dismissal of Count 2 based on Plaintiffs' inability to plead facts showing that Defendants assumed a duty to prohibit or restrict heading, as set out in Section III.B of US Soccer's Motion.

As discussed in US Soccer's Motion, even if Plaintiffs could establish that repetitive heading is associated with a risk of injury, CYSA cannot be held liable for injuries arising from such risk under California's primary assumption of risk doctrine. When a plaintiff voluntarily elects to participate in a sport, "the defendant is relieved of his or her duty to use due care to avoid the plaintiff suffering an injury as a result of those inherently risky aspects of the sport." *Knight v.*

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

*Jewett*, 3 Cal.4th 296, 308-09 (1992).[4] The *only* duty ascribed to a sponsoring or other organizational defendant such as CYSA is not to take any act that would *increase* the risk of injury beyond that inherent in the sport. *See, e.g., Avila v. Citrus Community College Dist.*, 38 Cal.4th 148, 162 (2006) (defendant only owed a duty not to increase the inherent risks, not a duty to decrease them); *Knight v. Jewett*, 3 Cal.4th 296, 315 (1992) (no duty to remove moguls, but a duty to maintain ski lift machinery in safe, working condition). In other words, CYSA is *not* under any obligation to *reduce* those risks inherent in the sport, even if there are steps that could be taken to minimize such risks. *See, e.g., West v. Sundown Little League of Stockton*, 96 Cal.App.4th 351, 358 (2002) (league's decision not to provide additional safety equipment recommended by its safety officer did not increase the risk); *Fortier v. Los Rios Community College Dist.*, 45 Cal.App.4th 430, 439 (1996) (failure to provide certain safety equipment did not increase the inherent risks of the game); *Bushnell v. Japanese-American Religious & Cultural Center*, 43 Cal.App.4th 525, 531 (1996) (assumption of the risk applies "even if the defendant was in some manner in control of the situation and thus in a better position than the plaintiff to prevent the Plaintiffs' injury"); *Connelly v. Mammoth Mountain Ski Area*, 39 Cal.App.4th 8, 13 (1995) (a duty is not created because safer materials are available to remedy the danger).

Yet that is precisely the obligation that Plaintiffs seek to impose on Defendants in this case. Plaintiffs acknowledge that "[p]urposefully heading the ball is a legal and encouraged maneuver," and then ask this Court to impose liability on "soccer's governing authorities" for failing to "***reduce the risk*** of preventable injuries resulting from . . . repetitive heading" by "failing to regulate heading by players under 17." Compl. ¶¶ 2, 12, 28, 375, 432 (emphasis added). As a matter of law, CYSA cannot be held liable for failing to "take steps to reduce injuries" resulting from risks inherent in the sport. *Id.* ¶ 2.

The rationale for this rule is clear, because allowing voluntary sports participants to sue over the sport's inherent risks threatens "the activity's very existence and nature." *Nalwa v. Cedar Fair,*

---

[4] *See also Kahn v. East Side Union High School Dist.*, 31 Cal. 4th 990, 1011 (2003) (the object of the assumption of the risk doctrine is to "avoid recognizing a duty of care when to do so would tend to alter the nature of an active sport . . . ."); *Levinson v. Owens*, 176 Cal. App. 4th 1534, 1545 (2009) (horseback riding owner/operator "does not owe a duty to protect the rider from injury by discouraging the rider's vigorous participation in the sport or by requiring that an integral part of horseback riding be abandoned.").

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

*L.P.*, 55 Cal. 4th 1148, 1157 (2012). Indeed, as detailed in US Soccer's Motion, there are numerous known risks in playing contact sports, including the risk of injury from running, but no one would expect CYSA to restrict running in soccer because of those risks. Plaintiffs' claims regarding heading are no different.

It is for this reason that courts have declined to impose liability where a finding of duty would require the court to rewrite how a sport is played. *See, e.g., Nemarnik v. Los Angeles Kings*, 103 Cal. App. 4th 631, 641 (2002) (holding that National Hockey League, among others, had no legal duty to eliminate or protect spectator against the inherent risk of a flying puck in a hockey game).

Because Plaintiffs have not alleged and cannot allege facts sufficient to establish a legal duty on the part of CYSA to "reduce the risk of preventable injuries resulting from concussions and repetitive heading," by implementing "best practices for concussion management" or "regulating" heading by players under the age of 17, Counts 1 and 2 should be dismissed without leave to amend.  Compl. ¶¶ 28, 29, 31.

## C. CYSA Has No Duty Because the California Plaintiffs Signed Express Liability Waivers.

The claims of Plaintiffs Mehr and Akka-Seidel are barred, as a matter of law, by the releases their parents were required to sign as a condition of membership in CYSA and of participation in playing on any CYSA-affiliated team. In those releases, the parents, on behalf of themselves and their children, waived any and all claims for injuries arising out of their participation in the sport.

A pre-injury, written assumption of risk contract eliminates a claim of tortious conduct by a potential defendant if: (1) the contract is not contrary to public policy, and (2) the risk encountered is inherent in the activity in which the plaintiff was engaged. *Coates v. Newhall Land & Farming, Inc.*, 191 Cal.App.3d 1, 4 (1987). For example, in *Coates,* the decedent signed a release assuming all risks before he entered a dirt bike park. 191 Cal.App.3d at 8-9. The release expressly warned that motorcycling was dangerous. *Id.* at 8. The court concluded that, by contractually agreeing to assume all the risks of riding on the defendants' premises, the decedent had consented to acts or

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1    omissions of defendants that might otherwise be negligent, so that his contractual consent destroyed

2    the wrongful death action. *Id.* at 10.

3         Here, any youth player seeking to play on a CYSA-affiliated team is required to have his or

4    her parent or guardian sign at least two releases of liability. RJN Exs. B and C; Zopfi Decl. Exs. B

5    and C. The first, in the Membership Forms under a bold print heading titled "IMPORTANT

6    MEDICAL AND LIABILITY RELEASE – MUST BE SIGNED", requires the parent/legal

7    guardian of the player to agree, on behalf of his or herself and the player, that "intending to be

8    legally bound, hereby release and indemnify the USYS and CYSA Parties … from and against all

9    claims, liabilities, damages or causes of action arising out of or in connection with the player's

10   participation in the Programs." RJN Ex. B; Zopfi Decl. Ex. B. A second signed release is required

11   to be affixed to the back of the Member Pass, without which no player can participate in a game.

12   Again, under the bold heading "IMPORTANT MEDICAL & LIABILITY RELEASE – MUST BE

13   SIGNED", the players' parents, on behalf of themselves and the player, agree to "release and agree

14   to hold harmless and to indemnify the CYSA Parties . . . from and against any and all claims,

15   liabilities, suits, damages, causes of action, and demands of any kind, including attorney's fees,

16   costs, and expenses, arising out of or related in any way to player's participation in any of the

17   programs of the CYSA Parties." RJN Ex. C; Zopfi Decl. Ex. C.

18        The releases are enforceable because they do not implicate the public interest and so are not

19   void as against public policy. *Eriksson v. Nunnink,* __ Cal.App.4th __ (January 27, 2015 Slip Op.)

20   (minor's prospective release of liability for participation in horse event, signed by parent, would

21   have been effective to bar the minor's claim for wrongful death and was effective to bar the claims

22   of the parents); *Benedek v. PLC Santa Monica, LLC*, 104 Cal.App.4th 1351, 1356-57 (2002)

23   (exculpatory agreements in the recreational sports context do not implicate the public interest). The

24   risk of concussion or other head injury is an inherent risk in soccer that arises from the player's

25   participation in the sport. Therefore, these releases are enforceable and bar Plaintiffs Mehr's and

26   Akka-Seidel's claims.

27

28

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

V.    **PLAINTIFFS' INDEPENDENT CLAIM FOR MEDICAL MONITORING (COUNT 3) SHOULD BE DISMISSED WITH PREJUDICE**

CYSA joins and incorporates by reference US Soccer's and FIFA's arguments seeking dismissal of Count 3 based on the fact that California does not recognize claims for medical monitoring, as set out in Section IV of US Soccer's Motion and in Section II.C of FIFA's Motion.

The California Supreme Court has expressly considered and rejected the viability of an independent claim for medical monitoring, holding that "[r]ecognition that a defendant's conduct has created the need for future medical monitoring does not create a new tort. It is simply a compensable item of damage when liability is established under traditional tort theories of recovery." *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965, 1006-07 (1993). Accordingly, Count 3 must be dismissed with prejudice as to the California Plaintiffs Mehr and Akka-Seidel.

VI.   **PLAINTIFFS DID NOT PLEAD ANY CLAIMS AGAINST CYSA**

A further basis for dismissal is Plaintiffs' failure to plead any claims against CYSA. Plaintiff Mehr "seeks class-wide injunctive or equitable relief in the form of changes to FIFA, USYSA, and US Club Soccer rules and practices." Complaint ¶ 40. Plaintiff Akka-Seidel "seeks class-wide injunctive or equitable relief in the form of changes to FIFA, USSF, USYSA, rules and practices." Complaint ¶ 49. Mehr specifically states that she is "suing FIFA, AYSO, US Youth Soccer Association and US Club Soccer," and Akka-Seidel similarly specifies that she is "suing FIFA, USYSA, and USSF Soccer." Compl. ¶¶ 38 and 47. By their own pleading, neither of the California Plaintiffs stated a claim against CYSA, nor are there specific allegations pertaining to CYSA under the counts that were pled. Compl. ¶¶ 423-451. Therefore, as to CYSA, the Complaint contains no specific claims and should be dismissed.

///

///

///

///

///

///

Lynch, Gilardi
& Grummer
A Professional
Corporation
170 Columbus Ave.
5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1

**VII.    CONCLUSION**

2          For all of the foregoing reasons, CYSA respectfully requests that the Court dismiss each of

3    Plaintiffs' claims for relief with prejudice.

4    DATED:  January 30, 2015              LYNCH, GILARDI & GRUMMER, APC

5

6                                          By:  _/s/ Wallace M. Tice_
                                                    Wallace M. Tice
7                                          Attorneys for Defendant
                                           CALIFORNIA YOUTH SOCCER ASSOCIATION
     261511_4.doc
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Lynch, Gilardi
& Grummer        26
A Professional
Corporation
170 Columbus Ave.  27
5th Floor
San Francisco, CA
94133           28
Ph (415) 397-2800
Fax (415) 397-0937

*Mehr, Rachel v. Federation International de Football Assoc., et al.*
United States District Court, Action No. 4:14-CV-03879 PJH

<u>PROOF OF SERVICE</u>

I am over the age of eighteen years and am not a party to the within action.  I am employed in the County of San Francisco, State of California, at the law offices of Lynch, Gilardi & Grummer, members of the bar of this Court.  My business address is 170 Columbus Ave., 5th Floor, San Francisco, CA  94133.

On January 30, 2015, I served a true copy of the following document described as:

**DEFENDANT CALIFORNIA YOUTH SOCCER ASSOCIATION, INC.'S (1) NOTICE OF JOINDER AND JOINDER TO DEFENDANTS UNITED STATES SOCCER FEDERATION'S and FÉDÉRATION INTERNATIONALE DE FOOTBALL ASSOCIATION'S MOTIONS TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(1), 12(b)(6) and 12(b)(7); (2) NOTICE OF JOINDER AND JOINDER TO DEFENDANT FÉDÉRATION INTERNATIONALE DE FOOTBALL ASSOCIATION'S MOTION TO COMPEL ARBITRATION and (3) NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF J. PETER ZOPFI IN SUPPORT OF DEFENDANT CALIFORNIA YOUTH SOCCER ASSOCIATION, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

**DEFENDANT CALIFORNIA YOUTH SOCCER ASSOCIATION'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

**[PROPOSED] ORDER GRANTING CALIFORNIA YOUTH SOCCER ASSOCIATION, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(1) AND 12(b)(6)**

☒  By CM/ECF Notice of Electronic Filing ("NEF"): Pursuant to controlling General Orders, a true copy will be served by the Court via Notice of Electronic Filing and hyperlink to the document.  I checked the CM/ECF docket for this case and determined that the parties on the attached Service List are on the Electronic Mail Notice List to receive NEF transmission at the e-mail addresses noted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 30th day of January 2015 at San Francisco, California.

Kelli R. Bremer

Lynch, Gilardi
& Grummer, APC
170 Columbus
Avenue, 5th Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

PROOF OF SERVICE

1  *Mehr v. FIFA, et al.*
   United States District Court, Northern District of California, Action No. 4:14-cv-03879 PJH

2                              **SERVICE LIST**

3

4  Steve W. Berman, Esq.                        Counsel for Plaintiffs
   HAGENS BERMAN SOBOL SHAPIRO LLP              RACHEL MEHR, BEATA IVANAUSKIENE,
5  1918 Eighth Avenue, Suite 3300              SARAH ARANDA, KIRA AKKA-SEIDEL,
   Seattle, WA  98101                           KAREN CHRISTINE O'DONOGHUE
6  Tel: (206) 623-7292
   Fax: (206) 623-0594
7  Email: *steve@hbsslaw.com*

8  Jon T. King, Esq.                            Counsel for Plaintiffs
   HAGENS BERMAN SOBOL SHAPIRO LLP              RACHEL MEHR, BEATA IVANAUSKIENE,
9  715 Hearst Avenue, Suite 202                SARAH ARANDA, KIRA AKKA-SEIDEL,
   Berkeley, CA 94710                           KAREN CHRISTINE O'DONOGHUE
10 Tel: (510) 725-3000
   Email: *jonk@hbsslaw.com*
11
   Brad Karp, Esq.                              Lead Counsel for Defendants
12 Bruce Birenboim, Esq.                        FÉDÉRATION INTERNATIONALE DE
   H. Christopher Boehning, Esq.                FOOTBALL ASSOCIATION ("FIFA")
13 Daniel Levi, Esq.
   PAUL, WEISS, RIFKIND, WHARTON AND
14 GARRISON LLP
   1285 Avenue of the Americas
15 New York, NY  10019
   Tel: (212) 373-3000
16 Email:  *bkarp@paulweiss.com*
           *bbirenboim@paulweiss.com*
17         *cboehning@paulweiss.com*
           *dlevi@paulweiss.com*
18
   Michael J. Shepard, Esq.                     Counsel for Defendants
19 HOGAN LOVELLS US LLP                         FÉDÉRATION INTERNATIONALE DE FOOTBALL
   3 Embarcadero Center, Suite 1500             ASSOCIATION ("FIFA")
20 San Francisco, CA 94111
   Tel: (415) 374-2300
21 Fax: (415) 374-2499
   Email: *michael.shepard@hoganlovells.com*
22
   Russell Fredrick Sauer, Jr., Esq.            Counsel for Defendant
23 LATHAM AND WATKINS LLP                       UNITED STATES SOCCER FEDERATION, INC.
   355 South Grand Avenue
24 Los Angeles, CA  90071
   Tel: (213) 891-8244
25 Email: *russ.sauer@lw.com*

26 Stuart M. Gordon, Esq.                       Counsel for Defendants
   Fletcher C. Alford, Esq.                     NATIONAL ASSOCIATION OF COMPETITIVE
27 James K. Holder, Esq.                        SOCCER CLUBS, INC. d/b/a US CLUB SOCCER
   GORDON & REES LLP                            and AMERICAN YOUTH SOCCER
28 275 Battery Street, Suite 2000

1  San Francisco, CA  94111                          ORGANIZATION
   Tel: (415) 986-5900
2  Fax: (415) 986-8054
   Email: *sgordon@gordonrees.com*
3          *falford@gordonrees.com*
           *jholder@gordonrees.com*
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE