Steve W. Berman (*Pro Hac Vice*)
Craig R. Spiegel (SBN 122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
craigs@hbsslaw.com

Jon T. King (SBN 205073)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jonk@hbsslaw.com

Counsel for Plaintiffs
[*Additional Counsel Listed on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RACHEL MEHR, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FÉDÉRATION INTERNATIONALE DE FOOTBALL ASSOCIATION, *et al.*,<br><br>　　　　　　　　　Defendants. | No. 4:14-cv-03879-PJH<br><br>PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE NEWLY AVAILABLE FACTUAL MATERIAL REGARDING DEFENDANT CALIFORNIA YOUTH SOCCER ASSOCIATION, INC. AND ITS PENDING MOTION TO DISMISS COMPLAINT<br><br>CLASS ACTION |

1    Defendant California Youth Soccer Association, Inc. (known as "CYSA" or "Cal North")
2    recently released two versions of a "Possible Concussion Notification Form for Cal North Events" as
3    well as a "Concussion Return to Play Form."[1] CYSA's 2015 releases occurred subsequent to
4    Plaintiffs filing their opposition to Cal North's motion to dismiss Plaintiffs' complaint under Federal
5    Rule of Civil Procedure 12.[2] Plaintiffs believe that these forms are relevant to numerous arguments
6    that CYSA raised in its opening Rule 12 memorandum and reply memorandum, including but not
7    limited to CYSA's (1) contentions that it does not owe a duty of care to Plaintiffs and putative class
8    members, and has not assumed any such duty;[3] (2) contention that Plaintiffs' requested relief would
9    impermissibly interfere in the doctor /patient relationship;[4] (3) statement that it "has no ability to
10   'enforce' the recommendations in the Consensus Statement regarding concussion management"
11   including that medical clearance must be given by a doctor with specific concussion expertise;[5] and
12   (4) statement that it has no ability to implement a gradual return to play plan.[6]
13       Plaintiffs bring CYSA's recent action to the Court's attention now because CYSA has
14   requested dismissal with prejudice of Plaintiffs' complaint.[7] Plaintiffs believe that the pending
15   complaint withstands Rule 12 scrutiny, but if the Court should find that Plaintiffs' complaint is
16   deficient as to CYSA, Plaintiffs wish to apprise the Court of some of the additional material that

---

[1] *See* Exhibits 1 through 4 to the Declaration of Jon T. King in Support of Plaintiffs' Administrative Motion for Leave to File Newly Available Factual Material Regarding Defendant California Youth Soccer Association, Inc. and Its Pending Motion to Dismiss Complaint ("King Decl."), concurrently filed herewith. All emphasis on exhibit references added, unless otherwise noted.

[2] Plaintiffs' Opposition to Defendant California Youth Soccer Association, Inc.'s Motion to Dismiss Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6), Mar. 20, 2015, ECF No. 66.

[3] Defendant California Youth Soccer Association, Inc.'s . . . Motion to Dismiss Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6) at 9-13, Jan. 30, 2015, ECF No. 48.

[4] *Id*. at 9-12.

[5] *Id*. at 11. *See also id*. at 10 (Consensus Statement provision regarding medical expertise).

[6] *Id*. at 11-12.

[7] *See id*. at 18; Defendant California Youth Soccer Association, Inc.'s Reply in Support of Motion to Dismiss Complaint Pursuant to FRCP 12(b)(1) and 12(b)(6) at 8, Apr. 10, 2015, ECF No. 77.

Plaintiffs would include in an amended complaint.[8]

The Northern District of California Local Rules address the issuance of subsequent judicial opinions, but do not specifically address the circumstances here, *i.e.*, a party's newly-released factual material during the pendency of a motion.[9] Thus, out of an abundance of caution, Plaintiffs request leave of Court to file the attached material.

By way of brief summary, the first form is listed on CYSA's website with a "post date" of April 14, 2015.[10] It states that "a player who shows or showed signs of a concussion may not return to play until we have a ***signed clearance from a medical doctor or doctor of osteopathy who is trained in concussion treatment and management***."[11] The form continues that ***"[t]his release is then referred to our chairman, Dr. Pete Zopfi, for final clearance to return to play***."[12] CYSA's previous policy did not require clearance from Cal North, nor clearance from a doctor with specific concussion expertise.

On April 27, 2015, CYSA stated that it "has simplified the Concussion Protocol program for the 2015-2016 season."[13] CYSA continued that "[t]he new and improved 2 page 'Notification and Return to Play' . . . form is designed to offer players, parents, and coaches direction in the event of a possible concussion and ***gives medical professionals a step by step guide for treatment and observation***."[14] CYSA attached to its statement two forms, the "Possible Concussion Notification Form for Cal North Events" and the "Cal North Concussion Return to Play Form."[15] The "Notification" form states, as did the prior version, that "***[t]his release is then referred to our chairman, Dr. Pete Zopfi, for final clearance to return to play***."[16]

---

[8] The Court may of course draw its own conclusions regarding the timing of CYSA's releases, and whether these new releases bear on CYSA's candor to the Court.

[9] Civ. L.R. 7-3(d)(2).

[10] King Decl., Ex. 2.

[11] *Id.*, Ex. 1.

[12] *Id.*

[13] *Id.*, Ex. 3.

[14] *Id.*

[15] *Id.*, Exs. 1 and 4, respectively.

[16] *Id.*, Ex. 1

1 | The "Return to Play Form" includes a "Physician Recommendations" section, with various information required to be provided by a doctor with specific concussion expertise. The form further includes a "*Gradual Return to Play Plan*."

Plaintiffs will further evaluate CYSA's various statements in connection with Plaintiffs' medical experts, including in regard to material not covered in the statements, and will formally express a view on the substance of the statements at a later stage in this litigation (including in an amended complaint if required by the Court).

For the reasons stated herein, Plaintiffs respectfully request leave of Court to file the attached exhibits from CYSA.

DATED: April 29, 2015  HAGENS BERMAN SOBOL SHAPIRO LLP

By    s/ Steve W. Berman
       STEVE W. BERMAN

Steve W. Berman (*Pro Hac Vice*)
Craig R. Spiegel (SBN 122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
craigs@hbsslaw.com

Jon T. King (SBN 205073)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
jonk@hbsslaw.com

Jack W. Lee (SBN 71626)
Derek G. Howard (SBN 118082)
Sean Tamura-Sato (SBN 254092)
MINAMI TAMAKI, LLP
360 Post St., 8th Floor
San Francisco, CA 94108
Telephone: (415) 788-9000
jlee@minamitamaki.com
dhoward@minamitamaki.com
seant@minamitamaki.com

*Attorneys for Plaintiffs*