1  HOGAN LOVELLS US LLP
   Michael J. Shepard (CA Bar No. 91281)
2  3 Embarcadero Center
   Suite 1500
3  San Francisco, CA 94111
   Telephone: (415) 374-2300
4  Facsimile: (415) 374-2499
   michael.shepard@hoganlovells.com
5
   PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
6  Brad S. Karp (*pro hac vice*)
   Bruce Birenboim (*pro hac vice*)
7  H. Christopher Boehning (*pro hac vice*)
   Daniel H. Levi (*pro hac vice*)
8  1285 Avenue of the Americas
   New York, NY 10019
9  Telephone: (212) 373-3000
   Facsimile: (212) 757-3990
10 bkarp@paulweiss.com
   bbirenboim@paulweiss.com
11 cboehning@paulweiss.com
   dlevi@paulweiss.com
12
   *Attorneys for Defendant Fédération Internationale de*
13 *Football Association*

14

15               **UNITED STATES DISTRICT COURT**

16               **NORTHERN DISTRICT OF CALIFORNIA**

17               **OAKLAND DIVISION**

18                                    | Case No. 4:14-CV-03879-PJH
   RACHEL MEHR, et al.,
19                                    | **DEFENDANT FÉDÉRATION**
           Plaintiffs,                | **INTERNATIONALE DE FOOTBALL**
20                                    | **ASSOCIATION'S OPPOSITION TO**
           vs.                        | **PLAINTIFFS' MOTION FOR LEAVE**
21                                    | **TO FILE NEWLY RELEASED**
   FÉDÉRATION INTERNATIONALE DE       | **FEDERAL GOVERNMENT**
22 FOOTBALL ASSOCIATION, et al.       | **MATERIALS**
23
           Defendants.
24

25

26

27

28

1    What do allegations of corruption involving soccer and sports marketing executives have

2   to do with a lawsuit seeking rules changes allegedly required to address the risk of concussions

3   in youth soccer? Nothing, which is why the Court will search in vain through Plaintiffs' motion

4   for leave to file "newly released federal governmental materials" to find any connection, much

5   less the words "concussion" or "head injury."

6    As the Court determined at oral argument on May 6, the Complaint cannot survive

7   FIFA's motion to dismiss and all that remains is for the Court to determine whether dismissal

8   should be with or without prejudice. (Dkt. No. 99, at 130.) Plaintiffs' latest filing is irrelevant to

9   this Court's ultimate decision on FIFA's motion to dismiss. Accordingly, FIFA opposes

10  Plaintiffs' motion and respectfully requests that the Court deny the motion. In addition, FIFA

11  respectfully submits that sanctions are appropriate for this frivolous motion practice.[1]

12  **I.    THE MATERIALS HAVE NO EVIDENTIARY VALUE**

13   It is axiomatic that indictments and criminal information statements have zero evidentiary

14  value. *See, e.g., U.S.* v. *Cervantes*, No. 12-CR-00792-YGR, 2013 WL 3456876, at *4 (N.D. Cal.

15  July 9, 2013) ("An indictment is not evidence against the accused and affords no inference of

16  guilt or innocence."); *U.S.* v. *Wiggan*, 700 F.3d 1204, 1215 (9th Cir. 2012) ("an indictment is not

17  evidence"). Moreover, allegations in charging documents in an unrelated case cannot be used to

18  establish facts in a separate civil case. *See Kyung Cho* v. *UCBH Holdings, Inc.*, 890 F. Supp. 2d

19  1190, 1203 (N.D. Cal. 2012). Likewise, press reports are classic hearsay and have no

20  evidentiary value. *Larez* v. *City of Los Angeles*, 946 F.2d 630, 641-44 (9th Cir. 1991).

21   Given this settled law, Plaintiffs could not use the indictments and criminal information

22  statements to meet their pleading burden or salvage their Complaint *even if* this case were about

23  the very conduct at issue in the Department of Justice ("DOJ") investigation. It does not matter

24  whether Plaintiffs learned this information before or after FIFA filed its motion; it cannot be

25  used to support their allegations. Thus, even if the Court were to permit Plaintiffs to amend their

26  ────────────────────

27  [1]  Plaintiffs' motion violates the page limitation of Civil Local Rule 7-11(a), and should be
     denied on that basis as well.

28                                            1

1   Complaint, allegations based on the indictment and criminal information statements are not

2   permissible, as courts routinely strike allegations that quote from complaints in other unresolved

3   cases, as well as allegations that are irrelevant or interposed for purposes of harassment and

4   embarrassment.[2]

5   **II.     THE DOCUMENTS HAVE NO BEARING ON THE PENDING MOTIONS**

6          Plaintiffs' motion also is fundamentally flawed because Plaintiffs make no effort to

7   connect the proffered materials to the facts of this case or the motion to dismiss.  Plaintiffs assert

8   – without support or argument – that the new information relates to FIFA's arguments regarding

9   personal jurisdiction and the absence of a necessary party (the International Football Association

10  Board, or IFAB), as well as Plaintiffs' motion – currently stayed by the Court – to compel

11  jurisdictional discovery.  (Pls. Mot at 1.)  But these documents have absolutely no bearing on any

12  issue before the Court.

13         With respect to specific jurisdiction, Plaintiffs' unsupported claim of relevance is

14  untenable.  Specific jurisdiction requires a showing that Plaintiffs' claims would not have arisen

15  "but for" FIFA's contact with California.  *Doe* v. *Unocal Corp.*, 248 F.3d 915, 924-25 (9th Cir.

16  2001).  Plaintiffs spend the majority of their motion quoting a DOJ press release and language

17  from an indictment discussing allegations of racketeering and corruption.  (Pls. Mot. at 3-7.)

18  This information has no connection at all to the central issues of this case – the alleged risk of

19  head injuries to youth soccer players and proposed changes to the Laws of the Game.  Indeed,

20  ---

21  [2]  *See, e.g., In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig*, 934 F. Supp. 2d 1219,
     1226 (C.D. Cal. 2013) ("As a general rule, paragraphs in a complaint that are either based on,
     or rely on, complaints in other actions that have been dismissed, settled, or otherwise not

22   resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f).")
     (internal citations and quotations omitted); *McCamey* v. *Hewlett Packard*, No. S-11-0702

23   FCD/GGH, 2011 WL 4056158, at *5 (E.D. Cal. Sept. 12, 2011) (striking multiple paragraphs
     because they bore no "rational nexus" to claims and could only be used for an improper

24   purpose); *Bureerong* v. *Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996) (striking
     language the court found was "immaterial, scandalous, highly prejudicial" and appeared

25   "only for inflammatory effect"); *Donahoe* v. *Arpaio*, No. CV10-2756-PHX-NVW, 2011 WL
     5119008, at *3 (D. Ariz. Oct. 28, 2011) ("the pleading process is not to be compromised by

26   the inclusion of immaterial facts or accusations;" striking numerous paragraphs that "quote
     extensively from newspaper articles or list detailed biographical information about the parties

27   that are too far removed from any of the causes of action" in the complaints).

28
FIFA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE NEWLY RELEASED FEDERAL GOVERNMENTAL MATERIALS
CASE NO.: 4:14-CV-03879-PJH

1    Plaintiffs' motion does not mention heading or concussion management at all, let alone claim a

2    relationship between this "new information" and concussions among youth soccer players.

3           The information also is irrelevant to the analysis of general jurisdiction.[3]  Plaintiffs have

4    conceded that FIFA is not subject to general jurisdiction.  (Dkt. No. 99, at 22-23.)  Nothing in

5    this motion provides any basis to retract that concession.

6    • Plaintiffs note that "Special Agent in Charge Erick Martinez of the IRS-CI's Los
       Angeles Field Office" was part of the group that announced the charges along with
7       Attorney General Loretta Lynch, and that "Acting U.S. Attorney Currie extended his
        thanks to the agents, analysts and other investigative personnel . . . with the IRS-CI
8       Los Angeles Field Office."  (Pls. Mot. at 4.)  A law enforcement agent's involvement
        in an unrelated corruption investigation is irrelevant to the Court's analysis of
9       whether FIFA is subject to general jurisdiction.

10   • Plaintiffs cite allegations noting that the United States is one of many countries in
       which FIFA has occasionally convened meetings.  (*See*, *e.g*., *id*. at 6 ("FIFA's
11      'congress convened in ordinary sessions biannually or annually, and at other times in
        extraordinary sessions in various countries around the world, including the United
12      States.'").  This allegation repeats an argument already made by Plaintiffs, and has no
        bearing on whether FIFA is at home in California.  (*See* FIFA Opp. to Pls. Mot. to
13      Compel, Dkt. No. 89, at 13-14.)

14   • Plaintiffs highlight the allegations that certain criminal defendants maintained
       residences in the United States (one in California), had United States citizenship, or
15      maintained personal bank accounts in the United States (including California).  (*Id*. at
        5-6.)  Even if taken as true, the assertion that a few current and former soccer officials
16      – not a single one of whom is or was employed by FIFA – maintained personal
        residences or bank accounts within the United States, or even California, does not
17      come close to establishing that FIFA, as an organization, is at home in California and
        provides no basis to order jurisdictional discovery.[4]

18

19

20   _____

     3   "A court may assert general jurisdiction over foreign … corporations … when their
21       affiliations with the State are so 'continuous and systematic' as to render them essentially at
         home in the forum State."  *Marvix Photo, Inc.* v. *Brand Techs., Inc.*, 647 F.3d 1218, 1223
22       (9th Cir. 2011) (quoting *Goodyear Dunlop Tires Operations, S.A.* v. *Brown*, 131 S. Ct. 2846,
         2851 (2011)).  Only in an "exceptional case" can "a corporation's operation in a forum other
23       than its formal place of incorporation or principal place of business … be so substantial and
         of such a nature as to render the corporation at home in that State."  *Daimler AG* v. *Bauman*,
24       134 S. Ct. 746, 761 n. 19 (2014).

25   4   *See AM Trust* v. *UBS AG*, No. C 14-4125 PJH, 2015 WL 395465, at *8-9 (N.D. Cal. Jan. 29,
         2015) (denying jurisdictional discovery, noting that "the only relevant facts for determining
26       whether a corporation is 'at home' are its place of incorporation and its principal place of
         business" and that "there is no dispute that UBS AG is a Swiss Aktiengesellschaft,
27       incorporated in Switzerland and having its principal place of business there.  Nothing that
         discovery might reveal will change that fact.").

28
                                                    3

1    Plaintiffs also fail to grapple with the fact – fatal to any attempt to establish jurisdiction

2  over FIFA – that no California-based Plaintiff has a claim against FIFA.  Plaintiffs conceded at

3  oral argument that the California Plaintiffs cannot state a claim for medical monitoring, because

4  the claim is not recognized in California.  (Dkt. No. 99, at 99.)  They also conceded that those

5  Plaintiffs cannot seek prospective relief regarding rule changes in soccer, because they no longer

6  play youth soccer.  (*Id*. at 72-73; *see also id*. at 113-14.)  Given that Plaintiffs have admitted

7  there is no California-based Plaintiff who can state a cognizable claim, there is no reason to

8  further entertain any argument or discovery concerning jurisdiction over FIFA in California.[5]

9    Finally, Plaintiffs also claim that the documents are relevant to FIFA's argument that

10  IFAB is a necessary party.  Once again, Plaintiffs make no effort to explain how.  No matter,

11  because the new documents are irrelevant.  As FIFA demonstrated in its motion, Plaintiffs seek

12  changes to the Laws of the Game, which are controlled by IFAB – not FIFA – and nothing in

13  Plaintiffs' latest submission bears on that argument.[6]

14  **III.    THE COURT SHOULD SANCTION PLAINTIFFS FOR BAD FAITH CONDUCT**

15    District courts have the inherent power to impose sanctions for "bad faith" conduct.

16  *B.K.B.* v. *Maui Police Dept.*, 276 F.3d 1091, 1107-08 (9th Cir. 2002).  In *Maui Police Dept.*, the

17  Ninth Circuit made abundantly clear that, "under our controlling cases, conduct that is

18  'tantamount to bad faith' is sanctionable."  276 F.3d at 1108 (citing *Roadway Express, Inc.* v.

19  *Piper*, 447 U.S. 752, 767 (1980)).  "For purposes of imposing sanctions under the inherent power

20  of the court, a finding of bad faith does not require that the legal and factual basis for the action

21  prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or

22  mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees."

23  ---

5    *AM Trust*, at \*9 ("It is settled that venue and personal jurisdiction requirements to suit must
24    be satisfied for each and every named plaintiff for the suit to go forward.").

6    Plaintiffs' assert that "Detailed public reports now implicate [Jerome Valcke] in corruption"
25    (Pls. Mot. at 1-2.) in an effort to prejudice FIFA.  Plaintiffs' assertion is based on nothing but
    media reports, which are inadmissible hearsay.  In any event, the facts related to general
26    jurisdiction set out in Mr. Valcke's declarations were hardly controversial (*e.g.,* ¶ 3, "FIFA is
    an association organized under the laws of Switzerland, with its principal place of business in
27    Zurich, Switzerland") and went unrefuted by Plaintiffs.

28    4

*Fink* v. *Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (internal citations omitted). Thus, "[s]anctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id*. at 994.

Throughout the short history of this case, Plaintiffs have repeatedly violated the rules that govern practice before this Court. They moved to file additional materials after the close of briefing on the motion to dismiss as against Defendant CYSA. The Court rejected that. (Dkt. No. 98.) They served jurisdictional discovery and then filed a procedurally improper motion to compel against FIFA, which the Court stayed, noting that it was filed before the Rule 16 conference. (Dkt. No. 99, at 31, 131.) Now they have brought this motion, which is out of compliance with the local rules (*see infra*, n.1), and for which Plaintiffs have no good faith basis.

The motion is frivolous. There is no basis to argue that the new materials have evidentiary value. As noted above, allegations based on such materials would be stricken if they appeared in a complaint. Nor does the alleged conduct have anything to do with concussions in youth soccer. Plaintiffs' failure to make any effort to tie the conduct to their case confirms that their sole motive was to harass FIFA and insert unrelated allegations into these proceedings.

As reflected in our correspondence with Plaintiffs' counsel (King Decl. Ex. 3), we informed Plaintiffs that we believed this motion was frivolous, and the basis for our position; Plaintiffs proceeded to file it nonetheless. Thus, at a minimum, an appropriate sanction would be the cost of preparing this opposition.

DATED: June 8, 2015

HOGAN LOVELLS US LLP

By     /s/ Michael J. Shepard
     Michael J. Shepard

3 Embarcadero Center
Suite 1500
San Francisco, CA 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
michael.shepard@hoganlovells.com

-and-

5

FIFA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE NEWLY RELEASED FEDERAL GOVERNMENTAL MATERIALS
CASE NO.: 4:14-CV-03879-PJH

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

Brad S. Karp (*pro hac vice*)
Bruce Birenboim (*pro hac vice*)
H. Christopher Boehning (*pro hac vice*)
Daniel H. Levi (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
bkarp@paulweiss.com
bbirenboim@paulweiss.com
cboehning@paulweiss.com
dlevi@paulweiss.com

*Attorneys for Defendant Fédération Internationale
de Football Association*

FIFA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE NEWLY RELEASED FEDERAL GOVERNMENTAL MATERIALS
CASE NO.: 4:14-CV-03879-PJH