UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL MEHR, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>FEDERATION INTERNATIONALE DE FOOTBALL ASSOCIATION, et al.,<br>　　　　Defendants. | Case No. 14-cv-03879-PJH<br><br>**ORDER** |

On June 2, 2015, plaintiffs filed an administrative motion seeking leave to file "newly released Federal Government materials" relating to defendant Fédération Internationale de Football Association ("FIFA") and its pending motion to dismiss on jurisdictional and other grounds. On June 8, 2015, FIFA filed an opposition.

The materials plaintiffs seek to file consist of a 161-page criminal indictment filed by the United States in May 2015, in the Eastern District of New York, against 14 defendants (former FIFA executives and others) and 25 unnamed co-conspirators, alleging numerous counts of racketeering, money laundering, wire fraud, and related conspiracies; a 35-page criminal information filed in 2013, in the Eastern District of New York, alleging criminal conspiracy, bribery, and money laundering (among other things) against a former FIFA executive and unnamed conspirators; various press releases issued by the United States Department of Justice in connection with the recent filing of the criminal action; and various news articles relating to FIFA or to the recent filing of the criminal action.

Plaintiffs claim that this material is relevant to the portions of plaintiffs' opposition

to FIFA's motion to dismiss for lack of personal jurisdiction and failure to join a necessary party (which has been fully briefed, argued, and submitted); plaintiffs' pending motion to compel jurisdictional discovery from FIFA (opposition filed, briefing suspended); plaintiffs' request that the court permit it to file an amended complaint if the motions to dismiss are granted; and plaintiffs' arguments regarding jurisdiction, jurisdictional discovery, and IFAB made at the May 6, 2015 hearing on the motions to dismiss.

Plaintiffs concede that they previously took the position that FIFA is not subject to general personal jurisdiction in this court, but now argue that based on this "newly released" material, discovery is needed to determine whether FIFA is subject to general jurisdiction, as well as specific jurisdiction.

In opposition, FIFA argues that an indictment or a criminal information is not considered evidence against the accused, and that allegations in charging documents in a criminal case cannot be used to establish facts in a separate, unrelated civil case. Thus, FIFA asserts, the materials plaintiffs seek to file have no evidentiary value. FIFA also contends that even if the materials could be considered evidence, they have no bearing on the pending motions, and that in any event, plaintiffs have made no effort to connect the materials they seek to file with the facts of this case or the motions to dismiss.

In addition, with regard to the motion to dismiss for lack of personal jurisdiction, FIFA contends that allegations of racketeering and corruption have no connection to the alleged risk of head injuries to youth soccer players, and thus the materials are irrelevant to the issue of specific jurisdiction; and that plaintiffs have already conceded that FIFA is not subject to general jurisdiction, and nothing in the present motion provides any basis for plaintiffs to retract that concession. FIFA also notes that no California-based plaintiff has any claim against FIFA, as none can assert a claim for medical monitoring or seek prospective injunctive relief regarding changes to soccer rules, because they no longer play youth soccer.

As for the motion to dismiss for failure to join a necessary party (IFAB), FIFA notes

that while plaintiffs claim the materials are relevant to that part of FIFA's motion, they do not say how.

Finally, FIFA asserts that the court should sanction plaintiffs for bad-faith conduct. FIFA contends that its counsel advised counsel for plaintiffs that this motion was frivolous, but that notwithstanding this advice, plaintiffs' counsel proceeded to file the motion anyway.

Plaintiffs' motion is DENIED, as is FIFA's request for sanctions. FIFA is correct that indictments and criminal information statements are not evidence, and thus, would have no evidentiary value in this or any other case. See U.S. v. Wiggan, 700 F.3d 1204, 1215 (9th Cir. 2012); see also U.S. v. Albino-Loe, 747 F.3d 1206, 1211 (9th Cir. 2014) (indictment simply describes the charge the government brings against the defendant, and is not evidence). Moreover, the foundation of the administration of our criminal law has long included the presumption that the accused is innocent until proven guilty. See, e.g., Taylor v. Kentucky, 436 U.S. 478, 483-86 (1978) (citing Coffin v. United States, 156 U.S. 432, 453-54 (1895)).

In addition, there is no connection between the allegations in the criminal proceedings and the facts asserted in this case, and plaintiffs have made no effort to argue that there is (apart from the unsupported assertion that the allegations in the charging documents in the criminal actions are "relevant to the [c]ourt's analysis of the credibility of the information that FIFA has presented to the [c]ourt, including via multiple declarations"). Thus, the court sees no possibility that the materials plaintiffs seek to file could lead to evidence supporting specific jurisdiction.

Plaintiffs have highlighted a few random sentences in the materials they seek to file in which references are made to part of the criminal investigation having been coordinated by the Internal Revenue Service Field Office in Los Angeles, or to one or more criminal acts having been performed in Southern California, or to one or two of the criminal defendants allegedly owning property in Southern California. However, these allegations are unrelated to plaintiffs' claim in the present action that FIFA has been

3

1  negligent in failing to take actions to reduce or eliminate the risk of concussions in youth
2  soccer.
3      As for general jurisdiction, the materials do not create an exception to the rule that
4  only in an exceptional case will "a corporation's operations in a forum other than its
5  formal place of incorporation or principal place of business . . . be so substantial and of
6  such a nature as to render the corporation at home in that State" and thus subject to
7  general jurisdiction for claims that arose outside the forum. See Daimler AG v. Bauman,
8  134 S.Ct. 746, 760-61 & n.19 (2014).
9      Finally, plaintiffs provide no explanation for their claim that the documents they
10 seek to file are somehow related to the motion to dismiss for failure to join a necessary
11 party (IFAB).

**IT IS SO ORDERED.**

Dated: June 12, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge